NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3400
_____

DAVID RUSSELL DANNER,

Appellant

v.

KENNETH P. CAMERON; DANIEL J. BARRETT, Esq.;
ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA;
DISTRICT ATTORNEY BRADFORD COUNTY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Civil Action No. 1-11-cv-00946)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 21, 2014

Before:  CHAGARES, GREENAWAY, JR., and VANASKIE, *Circuit Judges*

(Filed April 29, 2014)
_____

OPINION
_____

VANASKIE, *Circuit Judge.*

David Russell Danner appeals the denial of his petition for a writ of habeas corpus

submitted pursuant to 28 U.S.C. § 2254.  The District Court granted a certificate of

appealability as to Danner's claim that his constitutional right to counsel was violated when, at Danner's state-court trial for the rape of his daughter, his defense attorney failed to present the testimony of witnesses which Danner contends would have impeached the credibility of the victim. Because we agree with the District Court's finding that the proffered testimony would have been cumulative and would not have affected the outcome of the trial, we will affirm the District Court's denial of Danner's habeas petition.

I.

We write primarily for the parties, who are familiar with the facts and procedural history of this case. Accordingly, we set forth only those facts necessary to our analysis.

The evidence presented by the prosecution at Danner's trial showed that on Wednesday, October 17, 2007, Danner set out on a four-day hunting trip in Bradford County, Pennsylvania, with the victim, his fifteen-year-old daughter. Prior to the trip the two had discussed the possibility that the victim might move out of the home of Danner's ex-wife, with whom the victim had been quarrelling, and begin living with Danner.

At trial, the victim testified that on the evening of Thursday, October 18, she and Danner consumed alcohol together at the Bradford County home of Danner's friends, John Biechy and Tracey Davidson. They then traveled to the nearby home of the victim's grandmother, with whom they were staying, and continued drinking. The victim eventually retired to the attic bedroom and fell asleep. The victim testified that in the early morning hours of Friday, October 19, she was awoken by the sensation of Danner rubbing her leg. After a period of conversation, Danner began to pull down the victim's

2

sweatpants. Despite the victim's protests, Danner finished pulling off the victim's pants, climbed on top of her, and inserted his penis into her vagina. The victim pushed Danner away and fled to the basement. She did not discuss the rape with anyone until after her return home two days later, when she told friends about the incident.

Shortly thereafter Danner was arrested by Pennsylvania authorities and charged with rape, sexual assault, and indecent assault. At trial in Pennsylvania state court in April 2008, Danner presented testimony from Biechy and Davidson, who said they had noticed nothing unusual about the victim's behavior or demeanor during the course of the trip. Judy Muffley, Danner's mother-in-law, likewise testified that when she spoke to the victim on the day after the hunting trip, the victim had seemed excited about the prospect of living with Danner. Danner himself testified that the incident described by the victim had simply not occurred.

On April 24, 2008, the jury found Danner guilty on all counts. The trial judge imposed an indeterminate sentence of 11 to 22 years' imprisonment. Danner did not file a direct appeal.

On September 9, 2008, Danner filed a petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541–46 (West 2014), and later filed an amended petition with the assistance of counsel. Among the issues raised was Danner's claim that his attorney should have presented testimony from three family members regarding the victim's actions and demeanor in the aftermath of the hunting trip. On November 11, 2008, the PCRA Court dismissed the petition without a hearing.

3

The Pennsylvania Superior Court affirmed. *See Commonwealth v. Danner*, 988 A.2d 716 (Table) (Pa. Super. Ct. 2009), *allocatur denied*, 995 A.2d 351 (Table) (Pa. 2010).

Danner filed a habeas corpus petition on May 17, 2011, which he supplemented on July 25, 2011 and again on August 18, 2011. In a comprehensive opinion entered on July 1, 2013, the District Court thoroughly addressed and rejected, either on procedural grounds or on the merits, each of the many claims presented by Danner. In denying habeas relief, the District Court found that only one issue presented by Danner merited a certificate of appealability. That issue is whether Danner "is entitled to habeas relief as a result of trial counsel's failure to secure and call additional lay witnesses at trial." (App. 74.) This appeal followed.

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 2241(a) and 2254(a). We have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions. *See Coombs v. Diguglielmo*, 616 F.3d 255, 260 (3d Cir. 2010).

Where, as here, a state court has decided the merits of a petitioner's habeas claim, relief in federal court may be granted only if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

28 U.S.C. § 2254(d). A state court decision is an "unreasonable application" of clearly established federal law "if the state court unreasonably applies the correct legal rule to the particular facts, unreasonably extends a legal principle to a new context, or unreasonably refuses to extend the principle to a new context where it should apply." *McMullen v. Tennis*, 562 F.3d 231, 236 (3d Cir. 2009). This test "is an objective one—a federal court may not grant habeas relief merely because it concludes that the state court applied federal law erroneously or incorrectly." *Jacobs v. Horn*, 395 F.3d 92, 100 (3d Cir. 2005). Instead, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, —— U.S. ——, 131 S.Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

III.

Danner argues that the PCRA Court's rejection of his Sixth Amendment claim was an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), which constitutes "clearly established Federal law" for purposes of relief under § 2254(d). *See Williams v. Taylor*, 529 U.S. 362, 391 (2000). Under *Strickland*, a habeas petitioner must first establish that counsel's performance was deficient, such that it "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant then must show that the deficient performance deprived the defendant of a fair trial. *Id.* at 687. In practice this requires "a reasonable probability that, but for counsel's unprofessional errors, the result

5

of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The substance of Danner's claim is that he was prejudiced by his trial counsel's failure to call certain witnesses—Danner's cousins, Pamela and Gaylen Hoff, and Danner's father-in-law, Carl Muffley—who would have provided testimony that (1) the victim's demeanor seemed ordinary immediately after the hunting trip at issue; and (2) the victim did not disclose the incident at issue to them despite the opportunity to do so. The Pennsylvania Superior Court affirmed the denial of PCRA relief on this basis, finding that Danner had failed to establish that the witnesses were willing to cooperate and available to appear on his behalf at the time of trial. Danner pressed the same claim before the District Court, but at that stage produced sworn affidavits from the witnesses proffering their testimony and certifying that they were willing and able to testify at the time of trial. The District Court concluded that the testimony was cumulative, and that Danner had therefore failed to satisfy *Strickland*'s prejudice prong. (App. 70.)

Pennsylvania courts have defined cumulative evidence as "additional evidence of the same character as existing evidence and that supports a fact established by the existing evidence." *Commonwealth v. G.D.M., Sr.*, 926 A.2d 984, 989 (Pa. Super. Ct. 2007) (quoting Black's Law Dictionary 577 (7th ed. 1999)). In this case, it was undisputed that the victim kept silent as to the rape until days after returning home from the hunting trip on which it occurred.[1] Three defense witnesses—Biechy, Davidson, and

---

[1] Under Pennsylvania law, both a prompt complaint of sexual assault and the lack thereof are relevant factors for the jury to consider when assessing an alleged victim's

Judy Muffley—testified at trial that they interacted with the victim during this time and perceived nothing unusual about her demeanor. Defense counsel emphasized this testimony in summation. (App. 277.) The prosecutor responded to that argument and offered reasons justifying the victim's silence, (App. 286), but did not challenge the credibility of Biechy, Davidson, and Muffley, or the accuracy of their testimony.

We conclude that the proffered testimony of Danner's cousins and father-in-law is virtually indistinguishable from uncontested testimony already in the trial record. Thus, because the proffered testimony merely "support[ed] a fact established by the existing evidence[,]" namely, the victim's post-incident silence and demeanor, that testimony is cumulative. *G.D.M. Sr.*, 926 A.2d at 989. We have previously recognized that a failure to present cumulative evidence does not render counsel's performance ineffective under *Strickland*. *See Brown v. Wenerowicz*, 663 F.3d 619, 631 (3d Cir. 2011). Accordingly, the District Court properly denied Danner's petition for habeas relief.[2]

---

credibility at trial. *See Commonwealth v. Dillon*, 863 A.2d 597, 602–03 (Pa. Super. Ct. 2004).

[2] Danner also presented to the District Court an affidavit from his wife, Laurie Danner, who is the victim's stepmother. (App. 438–39.) This affidavit also concerns the victim's demeanor after the hunting trip, which Danner asserts was inconsistent with the conduct expected of a fifteen-year-old who had just been raped by her father. There is no indication that Danner presented, as a ground of ineffective assistance of trial counsel during the PCRA proceeding, the failure to call his wife as a witness. The District Court, although acknowledging the submission of Laurie Danner's undated affidavit, did not separately address it in its analysis of the uncalled-witnesses claim. Because the significance of the failure to call Laurie Danner during the trial was not presented to the PCRA Court, we find no error in the District Court's failure to discuss her affidavit. Moreover, we conclude that the failure to call Laurie Danner was not prejudicial because it would have been cumulative testimony from an obviously biased source.

7

## IV.

For the foregoing reasons, we will affirm the District Court's judgment.