J-S01032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | |
| v. | : | |
| | : | |
| DAVID RUSSELL DANNER, | : | |
| | : | |
| Appellant | : | No. 532 MDA 2016 |

Appeal from the PCRA Order March 8, 2016
in the Court of Common Pleas of Bradford County,
Criminal Division, No(s):  CP-08-CR-0000020-2008

BEFORE:  GANTMAN, P.J., DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MARCH 29, 2017**

David Russell Danner ("Danner") appeals from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In April 2008, Danner was convicted of rape by forcible compulsion, sexual assault, and indecent assault on a person less than 16 years old based on his acts against his 15-year-old daughter, N.D.  On August 4, 2008, Danner was sentenced to 11 to 22 years in prison.  Danner did not file a direct appeal.

In September 2008, Danner filed his first PCRA Petition.  The PCRA court subsequently dismissed the Petition.  This Court affirmed the dismissal, and the Supreme Court of Pennsylvania denied allowance of appeal.  ***See Commonwealth v. Danner***, 988 A.2d 716 (Pa. Super. 2009) (unpublished memorandum), ***appeal denied***, 995 A.2d 381 (Pa. 2010).

In May 2011, Danner filed a Petition for *habeas corpus* relief in the United States District Court for the Middle District of Pennsylvania, wherein Danner raised a claim related to N.D.'s recantation. The district court denied the Petition. **See Danner v. Cameron**, 955 F. Supp. 2d 410 (M.D. Pa. 2013), **aff'd**, 564 Fed. Appx. 681 (3d Cir. 2014).

On February 12, 2015, Danner filed the instant PCRA Petition, raising a claim regarding N.D.'s recantation. Following evidentiary hearings, the PCRA court dismissed the Petition. Danner filed a timely Notice of Appeal.

On appeal, Danner raises the following questions for our review:

I.    Did the lower [c]ourt err in finding that [Danner's] Petition for relief under the [PCRA] was not timely filed, where same was filed within 60 days of an actual recantation by the alleged child victim, now an adult?

II.   Did the lower [c]ourt err in concluding that knowledge of a possible recantation is sufficient to trigger the after discovered evidence rule for PCRA purposes without an actual recantation?

Brief for Appellant at 4.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of

sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Danner's judgment of sentence became final on September 3, 2008, after the time to seek review with this Court expired. *See* Pa.R.A.P. 903(a). Thus, Danner's instant PCRA Petition, filed on February 12, 2015, is facially untimely. *See* 42 Pa.C.S.A. § 9545(b).

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); *Albrecht*, 992 A.2d at 1094.

Danner asserts that although his Petition is facially untimely, he invoked the newly-discovered fact exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii). *See* Brief for Appellant at 14-15. Danner argues that the victim, N.D., recanted her testimony in a December 2014 letter to Danner. *Id.* at 13-14, 16, 18; *see also id.* at 13 (wherein Danner argues that his convictions were based upon N.D.'s testimony and not forensic evidence).

Further, Danner claims that he was unaware of the recantation testimony until December 2014, when N.D. sent the letter, and that he exercised due diligence in raising the claim. *Id*. at 13-14, 18-26.

To properly invoke the newly-discovered fact exception under Section 9545(b)(1)(ii), the PCRA petitioner must establish that he did not know the facts upon which he filed the Petition, and the facts could not have been ascertained earlier through due diligence. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007). A petitioner invoking this exception "fails to satisfy the 60-day requirement of Section 9545(b) if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier." *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008).

Here, Danner filed his Petition on February 12, 2015, which was within 60 days of N.D.'s written recantation, dated December 24, 2014. However, Danner was aware of the recantation for many years prior to filing the Petition, as the federal court explained:

> Turning to Danner's new evidence relating to [N.D's] recantation, Danner has submitted the affidavit of Lorrie Danner, his mother, dated June 24, 2011. She asserts that in either late 2009 or early 2010, she met with [N.D.], her granddaughter, who told her that [N.D.] had lied about the sexual assault because she did not want to move away from her friends. [N.D.] also told her grandmother that she wanted to "change her story" but the District Attorney told her that if she did, she "could go to jail." Finally, [N.D.] suggested to her grandmother that they travel together to visit [Danner] in prison, but Lorrie Danner refused. In addition to this affidavit, Danner also submits several letters written by [N.D.] to her father in March and April

> 2010. In these letters, [N.D.] writes, *inter alia*, that she misses her father and would like to visit him, but does not mention wanting to recant her trial testimony on the sexual assault. Finally, Danner submits correspondence he had with his appellate counsel regarding his PCRA [P]etition and other appeal efforts from October 2008 through July 2010. In an October 2008 correspondence, Danner states that he would like [N.D.'s] recantation recorded for his state collateral proceedings.

***Danner***, 955 F. Supp. 2d at 421-22 (citations and footnote omitted); ***see also*** PCRA Court Opinion, 3/8/16, at 8-23 (detailing testimony from the PCRA evidentiary hearings demonstrating that Danner knew about N.D.'s recantation).

Further, the PCRA court found N.D.'s testimony to be incredible in light of contacts between N.D. and Danner, and Danner's attempts to provide money to N.D. for the recantation. ***See*** PCRA Court Opinion, 3/8/16, at 28-29; ***see also id***. at 23-27. Based upon the foregoing, Danner knew of N.D.'s statements for many years and did not exercise due diligence in invoking the newly-discovered fact exception. ***See Marshall***, 947 A.2d at 720; ***see also Commonwealth v. Padillas***, 997 A.2d 356, 364 (Pa. Super. 2010) (noting that a petitioner "who fails to question or investigate an obvious, available source of information, cannot later claim evidence from that source constitutes newly[-]discovered evidence.").

Thus, Danner has failed to plead and prove the newly-discovered fact exception to overcome the untimeliness of his PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2017