J. S69030/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
:
v. :
:
ANDREW JOSEPH PATTERSON, :
:
APPELLANT : No. 1539 MDA 2015

Appeal from the Judgment of Sentence July 30, 2015
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s): CP-31-CR-0000460-2014

BEFORE: STABILE, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED NOVEMBER 17, 2016**

Appellant, Andrew J. Patterson, appeals from the Judgment of

Sentence entered by the Huntingdon County Court of Common Pleas

following his conviction by a jury of Indecent Assault and Corruption of

Minors. After careful review, we affirm.

We summarize the relevant factual and procedural history as follows.

On July 29, 2014, Appellant was arrested and charged with Rape, Statutory

Sexual Assault, Involuntary Deviate Sexual Intercourse, Corruption of

Minors, and Indecent Assault[1] for an incident that took place on Appellant's

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] 18 Pa.C.S. § 3121(a)(1); 18 Pa.C.S. § 3122.1(b); 18 Pa.C.S. § 3123(a)(1); 18 Pa.C.S. § 6301(a)(1)(ii); and 18 Pa.C.S. § 3126(a)(2), respectively.

farm in May 2012. The male complainant, B.S., alleged that when he was 15 years old, Appellant forcibly performed oral sex on him while he was working on Appellant's farm.

Appellant elected to proceed to a jury trial. Prior to trial, the Commonwealth filed a Notice of Prior Bad Acts, seeking to introduce the testimony of G.J. and C.B, two additional boys who alleged Appellant had also had inappropriate sexual contact with them when they were 15 or 16 years old.[2] The Commonwealth argued that the testimony was admissible as part of a common plan, scheme, or design. The trial court agreed, ruling that the testimony was admissible at trial. The Commonwealth withdrew the Rape charges against Appellant at the same hearing.

At trial, complainant B.S. testified that in May of 2012, when he was 15 years old, his parents arranged for him to work on Appellant's farm in order to earn money for an upcoming vacation. While they were performing chores on the farm, Appellant rubbed up against B.S. in a manner which made him uncomfortable. When B.S. told him to stop, Appellant stopped for some period, before later putting his hands down B.S.'s pants and grabbing his genitals. After B.S. again protested, Appellant backed off, before eventually tackling B.S. to the ground and forcibly performing oral sex on B.S. while pinning him to the ground.

---

[2] The prior bad acts at issue were the subject of criminal charges filed against Appellant at CP-31-CR-244-2013. Appellant entered a plea of *nolo contendere* to the charges.

Victims G.J. and C.B. also testified at trial. Prior to G.J.'s testimony, the trial court gave a cautionary instruction to the jury, admonishing them against considering the testimony as propensity evidence. N.T., 4/6/15, at 131-32. G.J. testified that after Appellant lured him to his farm with the promise of employment, Appellant twice groped G.J. without his consent. G.J. also testified that Appellant later sent him text messages, asking G.J. for pictures of his genitals and offering G.J. money to allow Appellant to perform oral sex on him.

C.B. testified that Appellant obtained his phone number by promising C.B. employment. However, instead of using his number to arrange work on the farm, Appellant texted C.B. to offer him money in exchange for pictures of C.B.'s genitals.

On April 6, 2015, the jury convicted Appellant of Corruption of Minors and Indecent Assault. The jury was unable to reach a verdict on the remaining charges, and the Commonwealth withdrew them.

The trial court ordered a Pre-Sentence Investigation ("PSI") and on July 30, 2015, the court sentenced Appellant to the statutory maximum term of incarceration on each conviction, with the sentences to run consecutively, for an aggregate sentence of six to twelve years of incarceration.

Appellant filed Post-Sentence Motions, which the trial court denied. Appellant then timely appealed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following two issues:

I. Whether the [t]rial [c]ourt committed an abuse of discretion in allowing the Commonwealth to present testimony regarding Appellant's "prior bad acts"?

II. Whether the [t]rial [c]ourt committed an abuse of discretion in sentencing Appellant to the statutory maximum on each of the convictions for an aggregate sentence of six to twelve (6-12) years['] incarceration?

Appellant's Brief at 3.

In his first issue, Appellant avers that the trial court erred in admitting the testimony of G.J. and C.B. under an exception to the general prohibition against admitting evidence of prior bad acts. Our standard of review concerning a challenge to the admissibility of evidence is as follows:

The admissibility of evidence is a matter for the discretion of the trial court and a ruling thereon will be reversed on appeal only upon a showing that the trial court committed an abuse of discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

***Commonwealth v. Johnson***, 42 A.3d 1017, 1027 (Pa. 2012) (citations and quotation marks omitted).

Pennsylvania Rule of Evidence 404(b) prohibits evidence of a defendant's prior bad acts "to prove a person's character" or demonstrate "that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1). Nevertheless, the Rule further provides that prior bad acts evidence "may be admissible for another purpose, such as

- 4 -

proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  In a criminal case, this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice."  Pa.R.E. 404(b)(2).  **See also** Daniel J. Anders, Ohlbaum on the Pennsylvania Rules of Evidence § 404.11 *et. seq.* (2016 ed. LexisNexis Matthew Bender).

Evidence is properly admitted under the common plan, scheme, or design exception where all of the alleged acts are of a similar character. **Commonwealth v. Booth**, 435 A.2d 1220, 1226 (Pa. Super. 1981).  To establish a common plan or scheme, courts must examine the details of the prior and present incidents for factual similarities. **Commonwealth v. O'Brien**, 836 A.2d 966, 970-71 (Pa. Super. 2003).  "[A] comparison of the crimes must establish a logical connection between them." **Commonwealth v. Arrington**, 86 A.3d 831, 842 (Pa. 2014) (quotation omitted).

Even where the alleged acts are sufficiently similar, "the court must balance the potential prejudicial impact of the evidence[.]" **Commonwealth v. G.D.M., Sr.**, 926 A.2d 984, 987 (Pa. Super. 2007).  In so doing, the trial court should consider "the degree of similarity established between the incidents of criminal conduct, the Commonwealth's need to present evidence under the common plan exception, and the ability of the trial court to caution the jury concerning the proper use of such evidence by

them in their deliberations." *Id.* On review, this Court may affirm a trial court's ruling where we conclude that the court's cautionary instruction to the jury was sufficient to "ameliorate[] any undue prejudice caused by the introduction of the prior bad acts." *Commonwealth v. Sherwood*, 982 A.2d 483, 497-98 (Pa. 2009); *see also Commonwealth v. Watkins*, 843 A.2d 1203, 1216 (Pa. 2003) (observing that "[a] jury is assumed to have followed the cautionary instruction given.").

In the instant case, all three incidents were relatively close in time and locality, occurring between 2010 and 2012 on Appellant's farm. N.T., 4/6/15, at 25, 133, 140. All three victims were either 15 or 16 years old at the time of the offenses. *Id.* at 25, 134, 140. Appellant used an offer of employment to entice or attempt to entice his victims to the farm in all three cases. *Id.* at 25, 27, 134, 140. All three victims were affiliated with the Mill Creek Fire Hall, and Appellant met each victim through their connection to the Fire Hall.[3] *Id.* at 47, 133, 140. With all three victims, Appellant sought to see, touch, or perform sexual acts on their genitals. With B.S. and G.J., Appellant inappropriately rubbed and groped both while they were doing chores on his farm. *Id.* at 31, 135. In both instances, when the victims protested, he briefly stopped before ultimately continuing the offensive

---

[3] Although B.S., the victim in this case, had not met Appellant before the assault, he testified that his parents knew Appellant through their connection to the Fire Hall and arranged for B.S. to work on Appellant's farm. N.T., 4/6/15, at 47.

contact, attempting to, or actually, performing oral sex on both. **Id.** at 32, 39, 135-37.

In his closing argument, Appellant's defense counsel reminded the jury of the trial court's cautionary instruction. **Id.** at 218-19. Before sending the jury into deliberations, the trial court again delivered a cautionary instruction, reminding them of the limited purpose for which they could consider the testimony of G.J. and C.B., and admonishing the jury that they "may not convict a person simply because [they] believe he may have committed similar acts in the past." **Id.** at 243-44.

Based on the foregoing, we agree with the trial court that there were sufficient similarities between the prior bad acts and the allegations in the instant case to support the proper admission of G.J.'s and C.B.'s testimony. We further conclude that the trial court sufficiently addressed any risk of unfair prejudice with its cautionary instructions to the jury. Accordingly, we find no abuse of discretion on the part of the trial court in admitting the testimony of G.J. and C.B. under the common plan, scheme and design exception provided in Pa.R.E. 404(b)(2).

In his second issue, Appellant challenges the discretionary aspects of his sentence when he avers that the trial court erred in sentencing him outside of the guidelines after considering the details of his prior offenses.[4]

---

[4] The argument section of Appellant's Brief presents a confusing amalgamation of alleged errors, none of which he supports with citation to

He alleges that the sentencing court's "equating the case under review with his prior convictions reflects the [sentencing c]ourt's prejudice against him [and] the [c]ourt's rationale does not support such a significant departure from the sentencing guidelines and is manifestly unreasonable." Appellant's Brief at 14-15.

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). Rather, where, as here, the appellant has preserved the sentencing challenge for appellate review by raising it at sentencing or in a timely post-sentence motion, the appellant must (1) "include in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[,]" pursuant to Pa.R.A.P. 2119(f); and (2) "show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id.* at 363-64.

In the instant case, Appellant filed a timely Notice of Appeal and a timely Post-Sentence Motion. He also included a separate Pa.R.A.P. 2119(f) Statement in his appellate brief. In addition, Appellant has presented a substantial question for our review. *See Commonwealth v. McNabb*, 819 A.2d 54, 56-57 (Pa. Super. 2003) (holding that an appellant does raise a

supporting law or legal analysis. Appellant's Brief at 13-15. Notwithstanding these briefing errors, we are able to review his sentencing challenge.

substantial question when he avers an excessive sentence due to the court's reliance on impermissible factors); *Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (holding that an "[a]ppellant's contention that the sentencing court exceeded the recommended range in the Sentencing Guidelines without an adequate basis raises a substantial question for this Court to review.").

Accordingly, we turn to the merits of Appellant's claim, mindful of our standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted).

Where a trial court imposes a sentence outside of the sentencing guidelines, 42 Pa.C.S. § 9721(b) requires the trial court to provide, in open court, a "contemporaneous statement of reasons in support of its sentence." *Commonwealth v. Bowen*, 55 A.3d 1254, 1264 (Pa. Super. 2012). To satisfy the requirements of Section 9721(b), the trial court must:

> demonstrate on the record, as a proper starting point, its awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the

gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as it also states of record the factual basis and specific reasons which compelled it to deviate from the guideline range.

*Id.* (brackets and citation omitted). ***See also Commonwealth v. Hunzer***, 868 A.2d 498, 514 (Pa. Super. 2005) (observing that the trial court's statement of reasons need not be "a detailed, highly technical statement.").

In addition, where the trial court has the benefit of a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (discussing ***Commonwealth v. Devers***, 546 A.2d 12, 18-19 (Pa. 1988)). Thus, if the sentencing court states that it considered the PSI, the court has properly explained the basis for the sentence that it imposed. ***Ventura***, ***supra*** at 1135 (citation omitted).

Where the trial court deviates above the guidelines, this Court may only vacate and remand a case for resentencing if we first conclude that "the sentence is unreasonable." 42 Pa.C.S. § 9781(c)(3). A sentence is not unreasonable simply because the trial court deviates above the guidelines to impose the statutory maximum. ***See, e.g., Commonwealth v. Rossetti***, 863 A.2d 1185, 1194-95 (Pa. Super. 2004) (affirming a statutory maximum sentence imposed after the trial court considered and balanced all of the relevant mitigating and aggravating facts). Our Supreme Court has emphasized that "rejection of a sentencing court's imposition of sentence on

unreasonableness grounds [should] occur infrequently, whether the sentence is above or below the guideline ranges, especially when the unreasonableness inquiry is conducted using the proper standard of review."

***Commonwealth v. Walls***, 926 A.2d 957, 964 (Pa. 2007).

In the instant case, the trial court made the following detailed statement on the record before imposing sentence:

> [Appellant], I have read the pre-sentence investigation. I sat through trial. I think the statements you made in the pre-sentence investigation regarding these young men are ridiculous.[5] You have a history of grooming young men. I went back and I reviewed the files from your previous conviction. In 2007 it was the same thing.[6] You used text message. You get young boys to the farm and you do what you do.
>
> I have reviewed the sentencing guidelines in this case. What the sentencing guidelines of one to 12 months don't take into consideration is the fact that you have been convicted of corruption of minors before and this is exactly the same conduct. You have not learned your lesson. You continue to do the same thing over and over. The public is at risk. Young men are at risk.

---

[5] Appellant averred that B.S., G.J., and C.B. must have seen the high-profile allegations against Jerry Sandusky on the news and made up their allegations against him in order to get money. Pre-Sentence Investigation at 2.

[6] In 2013, the Commonwealth charged Appellant with two counts each of Unlawful Contact with Minors and related offenses. He pled *nolo contendere* to one count each of Criminal Solicitation (Unlawful Contact with Minor) and one count of Corruption of Minors. G.J. and C.B. testified at trial to the events underlying the 2013 charges. In 2007, in an unrelated case, the Commonwealth charged Appellant with Possession of Child Pornography and related offenses. He eventually pled *nolo contendere* to one count of Corruption of Minors in the 2007 case.

> I've read the letter from your brother Brian. I heard the comments of your dad. I feel very bad for your parents. I really do because you have put them through this and they are victims of this, maybe not so much as these young men but they are victims as well. They have fought through your convictions and your conduct over and over and over. Again, you are a threat to the public.
>
> I've considered your rehabilitative needs and I don't think you can be rehabilitated. The only way that the public is protected is if you are in the state prison. So once again I have considered the sentencing guidelines and I'm not going to follow the sentencing guidelines.

N.T., 7/30/15, at 9-10. **See also** Pa.R.A.P. 1925(a) Opinion, at 10-13.

Contrary to Appellant's contention, we conclude that the trial court did not impose its sentence as a result of prejudice. The record indicates that the sentencing court properly considered and balanced all of the relevant mitigating and aggravating facts, including Appellant's background and his prior conduct. Appellant has not established "that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." **Raven**, **supra** at 1253.

In light of the record facts of this case and the sentencing court's thorough explanation of its rationale, we are not persuaded that the imposition of consecutive statutory maximum sentences was unreasonable. Accordingly, we affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2016