COMMONWEALTH of Pennsylvania

v.

**G.D.M., SR., Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 22, 2007.
Filed June 7, 2007.

Eric J. Taylor, Reading, for appellant.

Jonathan H. Kurland, Asst. Dist. Atty., Reading, for the Com., appellee.

BEFORE: FORD ELLIOTT, P.J., HUDOCK AND POPOVICH, JJ.

OPINION BY FORD ELLIOTT, P.J.:

¶ 1 Appellant, G.D.M., Sr.,[1] appeals from the judgment of sentence entered July 18, 2006. On April 7, 2006, a jury convicted appellant of indecent assault, endangering the welfare of children, and corruption of minors,[2] in connection with appellant's on-going sexual molestation of his six-year-old son, from September 1997 until March 1998, at the family residence.[3] On July 18,

---

1. Appellant's name has been redacted to protect the identity of his victim, who is appellant's child.

2. 18 Pa.C.S.A. §§ 3126(a)(7), 4304(a), and 6301(a)(1), respectively.

3. The victim remembered that the abuse began in September 1997, because it coincided with his entry into kindergarten, and he remembered that it ended in March 1998, be-

2006, the trial court imposed three consecutive sentences for an aggregate term of 8½ to 17 years' imprisonment. Appellant filed a post-sentence motion, which was denied on July 31, 2006, and then timely filed his notice of appeal on August 30, 2006.

¶ 2 Appellant raises the following four issues on appeal:

A. Whether the trial court erred by permitting the admission of other crimes evidence against appellant pursuant to Pennsylvania Rules of Evidence 404(b), where appellant's probation officer testified to appellant's criminal convictions of indecent assault and endangering the welfare of children?

B. Whether the trial court erred by permitting the testimony of Thomas Yeich under the 42 Pa.C.S.A. § 5985.1 exception, because the evidence was cumulative and improperly bolstered complainant's testimony?

C. Whether the evidence was insufficient to sustain the three guilty verdicts, because the Commonwealth failed to establish sufficient approximate dates for any of the offenses committed?

D. Whether the sentencing court abused its discretion by entering manifestly excessive and clearly unreasonable sentences, where the sentences violated the Sentencing Guidelines, where the trial court overly focused on the offenses and ignored appellant's mitigating circumstances, where the sentences greatly exceeded the Sentencing Guidelines, and where the court imposed consecutive sentences without sufficient reasons?

cause it coincided with his father going to jail.

We will examine these matters in the order presented.

 ¶ 3 Since appellant's first two issues pertain to the admission of evidence, we note that our standard of review for the admission of evidence looks to whether the trial court abused its discretion. *Commonwealth v. Levanduski*, 907 A.2d 3 (Pa.Super.2006), *appeal denied*, 591 Pa. 711, 919 A.2d 955 (2007). Appellant first complains that the trial court improperly allowed testimony as to appellant's prior criminal convictions. Specifically, appellant asserts that it was error to allow his probation officer to testify regarding a prior offense. The probation officer testified that appellant was currently under supervision for the crimes of indecent assault and endangering the welfare of children. (Notes of testimony, 4/6–7/06 at 125–26.) The officer explained that the victim in that prior case was appellant's 14–year–old daughter, and that the factual basis underlying the convictions was that for a period lasting from July 1, 1996 through March 21, 1997, at the family residence in Sinking Spring, appellant would, from time to time, have his daughter rub and scratch his genital area. (*Id.* at 126.)

¶ 4 The criminal complaint from that prior offense was also admitted as an exhibit. (*Id.* at 127.) The complaint described appellant's conduct with his daughter as "ongoing" and revealed that she was only 13 years old during some of the time she was being abused. The attached affidavit of probable cause was somewhat more exact in its description of appellant's offense than the probation officer had been, specifically stating that appellant had the child, "rub, scratch, or otherwise massage the defendant's, genitals."

¶ 5 The Commonwealth argues that the evidence of appellant's earlier offenses was

(Notes of testimony, 4/6–7/06 at 77.)

admissible to show that appellant followed a common plan and cites the applicable case law:

> When ruling upon the admissibility of evidence under the common plan exception, the trial court must first examine the details and surrounding circumstances of each criminal incident to assure that the evidence reveals criminal conduct which is distinctive and so nearly identical as to become the signature of the same perpetrator. Relevant to such a finding will be the habits or patterns of action or conduct undertaken by the perpetrator to commit crime, as well as the time, place, and types of victims typically chosen by the perpetrator. Given this initial determination, the court is bound to engage in a careful balancing test to assure that the common plan evidence is not too remote in time to be probative. If the evidence reveals that the details of each criminal incident are nearly identical, the fact that the incidents are separated by a lapse of time will not likely prevent the offer of the evidence unless the time lapse is excessive. Finally, the trial court must assure that the probative value of the evidence is not outweighed by its potential prejudicial impact upon the trier of fact. To do so, the court must balance the potential prejudicial impact of the evidence with such factors as the degree of similarity established between the incidents of criminal conduct, the Commonwealth's need to present evidence under the common plan exception, and the ability of the trial court to caution the jury concerning the proper use of such evidence by them in their deliberations.

*Commonwealth v. Smith,* 431 Pa.Super. 91, 635 A.2d 1086, 1089 (1993), quoting *Commonwealth v. Frank,* 395 Pa.Super. 412, 577 A.2d 609, 614 (1990). Recent case law has reiterated these principles. *Commonwealth v. Judd,* 897 A.2d 1224 (Pa.Super.2006), *appeal denied,* 590 Pa. 675, 912 A.2d 1291 (2006). We find no abuse of discretion instantly.

¶ 6 The victim described two occasions, in the bedroom and in the living room, where appellant, by threat of force, compelled the victim to allow appellant to hold his penis. (Notes of testimony, 4/6–7/06 at 90–94 and 95–97.) On a third occasion, appellant forced the victim to step out of the shower and hold appellant's penis. (*Id.* at 99–101.) All of these incidents occurred in the family residence.

¶ 7 Detective Thomas Yeich, who interviewed the victim, also testified as to what the victim had stated during an investigative interview. Yeich revealed that there were apparently many more than three incidents in what was obviously ongoing abuse. Detective Yeich testified that there were several incidents in the bedroom and that sometimes appellant would fondle the victim's penis outside his pants and sometimes inside his pants. (*Id.* at 117.) Yeich also related that there were multiple incidents in the bathroom. (*Id.* at 117–18.) Detective Yeich said that the victim had to shower with appellant, and when he did, appellant would touch the victim's penis and would make the victim touch appellant's penis, sometimes when erect. (*Id.* at 118.) Yeich further testified that the victim also described multiple incidents in the living room. (*Id.* at 118.) Finally, Yeich identified the time period in which this abuse occurred as around the time the victim started kindergarten in September of 1997 until appellant was no longer in the family home in March of 1998. (*Id.* at 119.)

¶ 8 We find that the testimony regarding appellant's crimes against his other child was proper as it evinced a common plan. The time frames of the abuse of the other

child and of the victim were very close. Appellant abused his daughter from July 21, 1996 until March 21, 1997. He then began abusing the victim in September 1997, shortly after the abuse of the daughter ended. Both molestations occurred in the family home and both involved appellant's own children. Moreover, the nature of both molestations involved manipulation of the genitals by hand only; there were no allegations of any other type of sexual activity. The earlier offense was quite similar to the latter, and we find no abuse of discretion in the trial court's finding the probative value of the evidence outweighed the prejudice incurred in admitting the evidence.

¶ 9 Appellant's other argument regarding trial court error in the admission of evidence centers on the testimony of Detective Yeich, who was permitted to testify about statements made to him by the victim pursuant to 42 Pa.C.S.A. § 5985.1, the so-called "Tender Years Statute." Essentially, the Tender Years Statute creates an exception to the hearsay rule in recognition of the fragile nature of the victims of childhood sexual abuse. *Commonwealth v. Curley*, 910 A.2d 692 (Pa.Super.2006). The statutory requirements for the admission of such testimony are as follows:

a) **General rule.**—An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing any of the offenses enumerated in 18 Pa.C.S. Chs. 25 (relating to criminal homicide), 27 (*relating to* assault), 29 (*relating to* kidnapping), 31 (relating to sexual offenses), 35 (relating to burglary and other criminal intrusion) and 37 (relating to robbery), not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:

(1) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2) the child either:

 (i) testifies at the proceeding; or

 (ii) is unavailable as a witness.

42 Pa.C.S.A. § 5985.1(a).

¶ 10 Preliminarily, we note that the admission of Detective Yeich's testimony satisfied the overall parameters of the statute. Prior to trial, the court conducted an *in camera* examination of Detective Yeich and thereafter made the following findings: (1) The victim, who was born on August 8, 1991, was 12 years of age when Detective Yeich interviewed him on February 6, 2004;[4] (2) the victim's statements pertained to one of the statutorily mandated groups of subject offenses; (3) the statement was relevant; and (4) there were sufficient indicia of reliability.

¶ 11 On appeal, appellant raises two complaints with the admission of this testimony. Appellant argues that Yeich's testimony was improperly admitted because the Tender Years Statute requires a finding by the court that the child victim was in danger of serious emotional distress, and because Yeich's testimony was cumulative. We may quickly resolve these issues.

¶ 12 As to his first contention that there must be a finding that the child victim was in danger of serious emotional distress, appellant has misread or misapprehended the statute. The statute requires such a finding only where the Com-

---

4. Notes of testimony, 4/6–7/06 at 72.

monwealth seeks to excuse the child from testifying:

> **(a.1) Emotional distress.**—In order to make a finding under subsection (a)(2)(ii) that the child is unavailable as a witness, the court must determine, based on evidence presented to it, that testimony by the child as a witness will result in the child suffering serious emotional distress that would substantially impair the child's ability to reasonably communicate.

42 Pa.C.S.A. § 5985.1(a.1) (in pertinent part). Instantly, the child victim testified at trial and there was no need for this finding.

■ ¶ 13 We also reject appellant's claim that Detective Yeich's testimony was cumulative. As defined by Black's Law Dictionary, cumulative evidence is "additional evidence of the same character as existing evidence and that supports a fact established by the existing evidence." Black's Law Dictionary, Seventh Edition, at 577. Appellant's brief, however, effectively concedes that Yeich's testimony was not cumulative where it states, "Furthermore, Yeich's testimony was cumulative, because it not only served to bolster [the victim's] testimony, it also expanded it." (Brief for appellant at 23.) Evidence that bolsters, or strengthens, existing evidence is not cumulative evidence, but rather is corroborative evidence. Black's Law Dictionary, Seventh Edition, at 577.

¶ 14 More importantly, if Detective Yeich's testimony expanded upon the victim's, then it established new and additional facts and was not merely cumulative. We agree with that characterization. Yeich's testimony established that there were not merely three incidents of abuse, but that the abuse involved several additional occasions and was ongoing in nature. Detective Yeich provided a more detailed time-frame for appellant's offenses. Yeich's testimony also provided proof that appellant's conduct was absolutely sexually motivated because Yeich added that appellant sometimes had an erection when he would have the victim touch his penis. In sum, we find that Detective Yeich's testimony was not merely cumulative.

■ ¶ 15 In his third issue on appeal, appellant argues that the evidence was insufficient to sustain any of his convictions because the Commonwealth failed to establish approximate dates on which the offenses occurred.[5] Appellant cites *Commonwealth v. Devlin,* 460 Pa. 508, 333 A.2d 888 (1975), for the principle that due process requires that the date of the commission of the offense be fixed with reasonable certainty.

¶ 16 In *Devlin,* the appellant was accused of sodomizing a mentally retarded man, but the only temporal placement of the crime was that it transpired sometime during the 14–month period from February 1971 to April 1972. The *Devlin* court noted the impossibility of mounting an alibi defense, as well as the severe impairment of the ability to impeach the accuser when faced with such an open-ended period of time. Nonetheless, the court conceded that the degree of certainty of the proof of the date of an offense must remain somewhat fluid:

> Therefore, we cannot enunciate the exact degree of specificity in the proof of the date of a crime which will be required or the amount of latitude which

---

5. The Commonwealth argues that this issue is waived because appellant never raised it until the filing of his concise statement of matters complained of on appeal. We note that appellant did raise the sufficiency of the evidence in a post-sentence motion, albeit in boilerplate form.

will be acceptable. Certainly the Commonwealth need not always prove a single specific date of the crime. Any leeway permissible would vary with the nature of the crime and the age and condition of the victim, balanced against the rights of the accused. Here, the fourteen-month span of time is such an egregious encroachment upon the appellant's ability to defend himself that we must reverse.

*Id.*, at 516, 333 A.2d at 892 (footnote and citations omitted).

¶ 17 Subsequent case law has refined the holding in *Devlin.* In *Commonwealth v. Groff,* 378 Pa.Super. 353, 548 A.2d 1237 (1988), the Commonwealth proved that the defendant molested a six-year-old victim on a single occasion during the summer of 1985. This court found that the date of the offense was proven with sufficient specificity and distinguished *Devlin* on the basis of the victim's young age and the fact that the Commonwealth had presented evidence narrowing the window of the time frame from a possible August 1983 through September 1985 (when the victim lived in the same house as appellant) to a shorter period, being the summer of 1985. The *Groff* court also cataloged a class of cases wherein the Commonwealth is given broad latitude in fixing the date of an offense:

We note that the Commonwealth would clearly prevail if appellant had been convicted of **repeatedly** abusing the victim during the summer of 1985. Case law has established that the Commonwealth must be afforded broad latitude when attempting to fix the date of offenses which involve a continuous course of criminal conduct. *See, e.g., Commonwealth v. Shirey,* 333 Pa.Super. 85, 481 A.2d 1314 (1984); *Commonwealth v. Robinson,* 316 Pa.Super. 152, 462 A.2d 840 (1983); *Commonwealth v. Niemetz,*

*supra*[, 282 Pa.Super. 431, 422 A.2d 1369 (1980)]; *Commonwealth v. Yon,* 235 Pa.Super. 232, 341 A.2d 169 (1975). The instant case is more difficult because the evidence indicates that appellant did not abuse the victim more than once.

*Groff,* 548 A.2d at 1242 (emphasis in original).

¶ 18 Instantly, of course, we are confronted by a case involving ongoing, repeated abuse over approximately a seven-month span from September 1997 through March 1998. The victim himself identified three different occasions on which he was abused during that period, and he clearly revealed to an investigating detective that there were several more such incidents. The victim also indicated that he remembered when the abuse began because it was contemporaneous with his beginning kindergarten, and he remembered when it terminated because that was when appellant was arrested.

¶ 19 Under these circumstances, we find that the due process concerns of *Devlin* are satisfied where the victim, as here, can at least fix the times when an ongoing course of molestation commenced and when it ceased. A six-year-old child cannot be expected to remember each and every date upon which he was victimized, especially where those events are numerous and occur over an extended period of time. Unlike adults, the lives of children, especially pre-school children or those who have only started school, do not revolve around the calendar, except to the extent that they may be aware of their birthday or Christmas, or the day a favorite television show airs. To require young children to provide such detail would be to give child predators free rein. Instantly, we find that the dates of the incidents were proven with sufficient specificity to satisfy due process.

¶ 20 In his last issue on appeal, appellant challenges the discretionary aspects of his sentence. Appellant claims that the trial court's sentence was inappropriate because the court focused on the nature of the crimes to the exclusion of other factors, because the court went outside of the Sentencing Guidelines without adequate reasons, and because each of the sentences was imposed at the maximum and made consecutive to each other, resulting in a manifestly excessive sentence. We disagree.

¶ 21 Our review is again based upon an abuse of discretion standard. *Commonwealth v. Marts,* 889 A.2d 608 (Pa.Super.2005). Moreover, review of such an issue is not automatic. Rather, to raise this claim on appeal, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence, and he must show that there is a substantial question that the sentence is not appropriate under the Sentencing Code. *Id.,see also* Pa.R.A.P 2119(f), 42 Pa.C.S.A. Appellant's brief does contain the requisite concise statement, and the three aspects under which he asserts abuse of sentencing discretion have each been held to present a substantial question. *Commonwealth v. Boyer,* 856 A.2d 149 (Pa.Super.2004), *affirmed,* 586 Pa. 142, 891 A.2d 1265 (2006) (focusing on nature of crime in sentencing raises substantial question); *Commonwealth v. Littlehales,* 915 A.2d 662 (Pa.Super.2007) (sentencing outside Sentencing Guidelines without adequate reasons raises substantial question); and *Commonwealth v. Dodge,* 859 A.2d 771 (Pa.Super.2004), *appeal denied,* 584 Pa. 672, 880 A.2d 1236 (2005) (manifestly excessive sentence from imposition of consecutive sentences raises substantial question).

¶ 22 We find no abuse of discretion in sentencing. While the court did express its revulsion at the nature of appellant's offenses, it did not focus exclusively on them. The court specifically stated its reasons as follows:

THE COURT: The Court here today has considered the age of this defendant, and I have considered the nature of the offenses. I've considered the trial testimony here that resulted .in the conviction of all counts; that the testimony of the victim was found by the jury to be credible.

The Court has considered the presentence investigation, which [appellant] has adopted here today. The Court has considered the guidelines which were placed on the record, which are indeed inappropriate in this case as they do not quantify the danger that this man is for our community and its children. The Court has considered the victim's impact statement today, which is marked as Commonwealth Exhibit 3.

The Court finds that this man is a danger to children in this community and to any children anywhere; that the damage done to this child was immeasurable, as the Court was a witness to the emotional problems this child is left with after the sexual abuse, torment, kicking of his genitals; the sexual abuse that was, in a word, horrific. The transcript states all of this far better than the Court ever could, the fear that this child has to have lived with.

The Court considered the testimony of Dr. Valliere as it talked about the background of this child—of [appellant] and his history of abusing children. It is indeed a tragedy that [appellant] continued to abuse children after his first conviction and that the system did not prevent that from happening, nor protect those children, which it has the responsibility to do.

The Court considers that he did not change any of his behaviors and contin-

ued with this passionate abuse and degradation of children; that the Court has considered that any lesser sentence would depreciate the seriousness of these crimes; that while it will be years in prison for [appellant], it has cost this child years of his life and the innocence that was taken from him in such a vile and abusive way.

Notes of testimony, 7/18/06 at 34–35.

¶ 23 The court clearly considered numerous factors in sentencing appellant in addition to the nature of the instant offenses. In fact, we find that foremost among these was not even the nature of the crimes, but rather the clear danger appellant posed to other children in the community. Nor did the court unduly emphasize this factor as it definitely merited heightened consideration. Appellant sexually abused one of his own children, was treated leniently by the criminal justice system, and within a few months began to abuse another of his children. He completely failed to appreciate the seriousness of his conduct, and he acted in blithe disregard of the chance he had been given to change his life. Moreover, while appellant was convicted on just three criminal counts, the evidence at trial indicated that his actual behavior was far more extensive.[6] It is clear to us that a substantial sentence was required here, and we cannot find that the sentence that was ultimately imposed was an abuse of discretion.

¶ 24 Accordingly, having found no merit to appellant's arguments on appeal, we will affirm the judgment of sentence.

¶ 25 Judgment of sentence affirmed.

---

**6.** The trial court did mischaracterize the evidence when it noted that appellant kicked the victim in the genitals. The actual testimony was to the effect that appellant punched the victim in the genitals. (Notes of testimony, 4/6–7/06 at 96.) Appellant complains of this mischaracterization, but it is obviously a distinction without a difference.