J-A26033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| KEVIN SCOTT BOWER, JR. | |
| | No. 773 MDA 2017 |

Appeal from the Order April 28, 2017
in the Court of Common Pleas of Clinton County
Criminal Division at No(s): CP-18-CR-0000536-2015

BEFORE:  BOWES, OLSON, and RANSOM, JJ.

MEMORANDUM BY RANSOM, J.:                **FILED APRIL 16, 2018**

Appellant, the Commonwealth of Pennsylvania, appeals from the court's order entered April 28, 2017, denying its motion to admit evidence of prior bad acts pursuant to Pa.R.E. 404(b).  We affirm.

As this case has not yet proceeded to trial, the "facts" are confined to allegations contained within the criminal complaint.  **See** Criminal Compl., 11/17/15, at 1-4.  The complainant, N.D., averred that on August 9, 2015, Appellee sexually assaulted her after a night out with friends.  **Id.** at 3. Appellee offered to drive N.D., who had been drinking, home.  **Id.**  Instead, he drove her to a park where he climbed on top of her and held her down. **Id.**  Despite N.D.'s protests, Appellee pulled down her jeans, penetrated her, and ejaculated inside of her.  **Id.**  During an interview with police, Appellee initially claimed that N.D. had initiated the encounter.  **Id.** at 3-4.  After failing

a polygraph test, Appellee admitted he had lied because he was scared and that N.D. had not consented to sex with him. *Id.* at 4.

Appellee was arrested and charged with sexual assault, aggravated indecent assault without consent, and indecent assault without consent.[1] Prior to trial, the Commonwealth filed a motion seeking to introduce, pursuant to Pa.R.E. 404(b), evidence of Appellee's August 31, 2009 guilty plea to indecent assault. *See* Mot. in Limine, 1/20/17, at 1-3; *see also* Notes of Testimony (N.T.), 8/31/09, at 2-7. The Commonwealth argued that evidence of the prior plea should be introduced to show a common scheme, plan, or design, and to show that the defendant did not mistakenly conclude the victim had consented. *See* Mot. in Limine, 1/20/17, at 3.

In August 2009, Appellee pleaded guilty to indecent assault and admitted to the facts contained within the criminal information. *See* N.T. at 4. Further, Appellee specifically admitted that on January 18, 2009, he held J.G. down against her will, pulled off her sweatpants, penetrated her, and ejaculated inside of her. *Id.* at 4. The criminal information provided further details, namely that Appellee was J.G.'s ex-boyfriend and the assault occurred at her home after hanging out at a bar. *See* Criminal Information, 5/26/09, at 1. Appellee initially told police that the encounter was consensual. *Id.*

In April 2017, the court heard oral argument on the motion. The Commonwealth contended that pursuant to ***Commonwealth v. Tyson***, 119

---

[1] *See* 18 Pa.C.S. §§ 3124.1, 3125(a)(1), and 3126(a)(1), respectively.

A.3d 353 (Pa. Super. 2015) (*en banc*), *appeal denied,* 128 A.3d 220 (Pa. 2015), the prior conviction was sufficient to show a common plan, as the facts in each case were substantially similar. ***See*** N.T., 4/27/17, at 4-5. The victim in the 2009 case was deceased, and the Commonwealth intended to use the guilty plea as a means to introduce the evidence. ***Id.*** at 8. Appellee argued that the matters were not similar, beyond the fact that Appellee knew both women, and that the evidence would be more prejudicial than probative. ***Id.*** Following argument, the court issued an order denying the Commonwealth's motion.

The Commonwealth timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[2] The trial court did not issue a responsive opinion but relied upon the reasoning outlined in its April 28, 2017 order.

On appeal, the Commonwealth raises a single issue for our review:

> Did the trial court abuse its discretion in denying the Commonwealth's motion to admit other acts evidence associated with [Appellee's] 2009 indecent assault conviction when the facts of [Appellee's] prior case were strikingly similar to the sexual assault charged in the instant matter and were admissible to prove (1) a common plan or scheme and (2) an absence of mistake or consent?

---

[2] In its notice of appeal, the Commonwealth certified that the trial court's order denying its motion to admit evidence of prior bad acts pursuant to Pa.R.E. 404(b) terminates or substantially handicaps the prosecution. ***See*** Pa.R.A.P. 311(d) (permitting interlocutory appeal where Commonwealth certifies with its notice of appeal that order terminates or substantially handicaps prosecution). Thus, the appeal is properly before us. ***See Commonwealth v. Ivy***, 146 A.3d 241, 244 n.2 (Pa. Super. 2016).

Commonwealth's Brief at 4 (unnecessary capitalization omitted).

Essentially, the Commonwealth argues that the two assaults are substantially similar such that they show a common plan or scheme. The Commonwealth notes that Appellee: 1) targets a female acquaintance after a night of drinking before isolating and assaulting her; 2) removes only the amount of clothing from the victim necessary to accomplish his objective; 3) holds the victim down by force; 4) does not remove his own clothing; 5) ejaculates inside of the victim; 6) initially portrays the encounters as consensual before admitting they were not consensual. **See** Commonwealth's Brief at 16.

> We have previously observed that
>
> [a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

**Tyson**, 119 A.3d at 357–58.

Pennsylvania Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs, or acts may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." **See Commonwealth v. Moser**, 999 A.2d 602, 605-06 (Pa. Super. 2010); **see also** Pa.R.E. 404(b). "[E]vidence of prior crimes is not admissible for the sole purpose of demonstrating a criminal defendant's

propensity to commit crimes." ***Commonwealth v. Melendez–Rodriguez***, 856 A.2d 1278, 1283 (Pa. Super. 2004). Such evidence is admissible only if offered for a non-propensity purpose. ***Id.***

First, the Commonwealth contends that the evidence is admissible under the common plan, scheme, or design exception. ***See*** Commonwealth's Brief at 16. It avers that the facts of each crime were substantially similar and that the evidence is probative of whether N.D. consented to intercourse. ***Id.*** at 24-36. Further, the Commonwealth avers that the 2009 assault is not too remote in time and that the probative value of the prior assault outweighs its potential for undue prejudice. ***Id.*** at 36-42.

When the Commonwealth seeks to admit a prior bad act under the common plan, scheme, or design exception, the trial court must first consider the details and surrounding circumstances of each incident to "assure that the evidence reveals criminal conduct which is distinctive and so nearly identical as to become the signature of the perpetrator." ***See Commonwealth v. G.D.M., Sr.***, 926 A.2d 984, 987 (Pa. Super. 2007). Matters for consideration include "the habits or patterns of action or conduct undertaken by the perpetrator to commit crime, as well as the time, place, and types of victims typically chosen by the perpetrator." ***Id.***

Generally, the court must also consider additional balancing factors, including remoteness and potential for prejudice. ***Id.*** When considering remoteness, if the details of the crimes are "nearly identical," the court may excuse a lapse of time unless it is "excessive." ***Id.*** When considering potential

prejudice, the court must examine: 1) the degree of similarity between the crimes; 2) the Commonwealth's need to present evidence; and 3) the ability of the trial court to caution the jury concerning the proper use of such evidence in their deliberations. *Id.*; *see also Commonwealth v. Dillon*, 921 A.2d 131, 141 (Pa. 2007) (noting that unfair prejudice is a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially).

Our Court has previously noted that:

> [t]he essential elements of the act of rape, as well as other sexual crimes, will necessarily produce any number of similar characteristics when two acts of rape are scrutinized for shared features, particularly where, as we have here seen, there is commonality of roles and situs attendant the criminal episodes.

*Commonwealth v. Frank*, 577 A.2d 609, 614 (Pa. Super. 1990). Due to these "similar characteristics," our Courts have also looked at additional qualities to determine substantial similarity, including the race, age, and sex of the victims; the time of day of the crime; the proximity to the defendant's home and between the crime scenes; the manner and location to which the victim was taken. *Id.* at 614-16.

The Commonwealth relies upon *Commonwealth v. Tyson* to support its contention that the matters are substantially similar. In *Tyson*, the trial court denied the Commonwealth's motion to admit evidence of a rape that the defendant had committed five years prior to the offense for which he was being tried. *See Tyson*, 119 A.3d at 357. An *en banc* panel of this Court reversed, holding that evidence of the prior conviction was admissible under

the common plan exception, and to prove absence of mistake or accident and that the five-year time period between the defenses was not too remote as to be admissible. *Id.* at 360-63.

In that case, we noted that the similarities between the allegations were substantial, including that: 1) the defendant was acquainted with both victims; 2) the victims were of the same age and race; 3) the defendant was an invited guest in each victim's home; 4) the defendant assaulted the victims while they were in a weakened state; 5) each victim lost consciousness; 6) each victim woke in her bedroom early in the morning to find the defendant having vaginal intercourse with her. *Id.* at 360. Thus, the panel concluded that the evidence should be admissible to show that the defendant had a common scheme of nonconsensual intercourse with unconscious victims.[3] *Id.* at 361.

> The instant case is not analogous to *Tyson*. The trial court noted that:

> Nothing in the record with regard to the Commonwealth's [m]otion suggests any information regarding the ages, hair color, racial characteristics, or any other characteristics concerning the alleged victims. Limited information is available concerning the prior relationship between the defendant and the alleged victims . . . We specifically find the Commonwealth has failed to establish sufficient similarities between these two incidents as to make the incidents distinctive and so nearly identical as to become the signature of the same perpetrator.

---

[3] This Court also noted that the evidence should be admissible because evidence of the prior conviction would belie the defendant's claim that he "mistakenly believed" the victim was awake or gave her consent. *Id.* at 362-63. As the Commonwealth raises this issue separately, we will address it *infra*.

*See* Trial Court Opinion (TCO), 4/28/17, at 3. We see no error or abuse of discretion in this conclusion. *See*, *e.g.*, *Commonwealth v. Miller*, --- A.3d ---, *12 (Pa. Super. 2017) (noting that while crimes were both purportedly assaults in similar locations, the factual overlap between the two incidents does not go beyond the commission of crimes or conduct of the same general class).

Examining the Commonwealth's list of similarities in detail shows many similarities common to any sexual assault, but nothing so specific as to constitute a common scheme or plan, a signature. *See* Commonwealth's Brief at 17; *contra Tyson*, 119 A.3d at 363; *see also Commonwealth v. Hughes*, 555 A.3d 1264, 1282 (Pa. 1989) (finding that numerous similarities including race, gender, age, location, means of acquisition of the victim, constituted substantial similarities that represented the "unique signature" of the defendant). As we do not find that the crimes are so substantially similar as to be admissible under the common scheme act, we need not examine remoteness or prejudice in detail. *See*, *e.g.*, *Commonwealth v. Aikens*, 990 A.2d 1181, 1185-86 (Pa. Super. 2010) (noting that the importance of time period is inversely proportional to the similarity of the crimes in question).

Next, the Commonwealth argues that evidence of the 2009 sexual assault should also be admitted to show absence of mistake or consent. *See* Commonwealth's Brief at 36. The Commonwealth contends that there is no dispute that the defendant and N.D. engaged in intercourse; instead, the sole

- 8 -

determinative issue is N.D.'s consent. ***Id.*** Thus, evidence of the 2009 guilty plea should be admitted to rebut the argument that N.D. consented, because the defendant made a similar claim in 2009. ***Id.***

***Tyson*** permitted the admission of the prior conviction to show absence of mistake. ***Tyson***, 119 A.3d at 362. The defendant claimed that he thought the victim had consented, and the Court held that due to "relevant similarities" between the two incidents, this evidence would tend to prove the defendant did not mistakenly believe that the victim was awake or gave her consent. ***Id.*** The conviction should have enabled the defendant to recognize that the victim's physical condition rendered her unable to consent. ***Id.*** at 362-63. Essentially, the legal consequences of a substantially similar act should have put the defendant on notice that consent was at issue.

In ***Tyson***, this Court found that "relevant similarities" between the two instances meant that the defendant should be aware of the consequences of his actions. ***Tyson***, 119 A.3d at 362. We did not find such relevant similarities above. ***Id.*** Further, there was little to no testimony regarding J.G.'s consent, state of awareness, or lack thereof during the assault such that absence of mistake or consent would be relevant. J.G., deceased, is not available to provide further testimony on this subject. Accordingly, the prior conviction was not relevant to establish an absence of mistake or consent, and the trial court did not abuse its discretion in denying the Commonwealth's motion. ***But see***, ***e.g.***, ***Tyson***, 119 A.3d at 363.

Order affirmed. Jurisdiction relinquished.

Judge Olson files a concurring memorandum.

Judge Bowes files a dissenting memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/16/2018