J-S33014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                          :         PENNSYLVANIA
                           :
                 v.                 :
                           :
                           :
E. R.                          :
                           :
          Appellant        :     No. 3391 EDA 2017

Appeal from the Judgment of Sentence August 4, 2017
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000369-2016

BEFORE:   OTT, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:        **FILED NOVEMBER 15, 2018**

E.R.[1] appeals from the judgment of sentence entered following his jury-trial conviction for crimes committed against his adopted daughter, K.R. E.R. claims insufficient evidence supported the verdict because the Commonwealth failed to establish a date on which the alleged crimes occurred and that the reasonable doubt jury instruction was erroneous. We affirm the judgment of sentence, but vacate the order finding E.R. to be a sexually violent predator ("SVP") and remand for the trial court to give E.R. notice of his correct reporting requirements.

K.R. testified that when she was 12 and 13 years old, E.R. improperly touched her, including touching her breasts, kissing her body, and putting his

---

\*   Former Justice specially assigned to the Superior Court.

[1] We redacted the defendant's name to help protect the privacy of K.R., the minor victim.

fingers and tongue inside her vagina. K.R. testified that E.R. began touching her breasts and underwear, and that in "[r]oughly May of 2015" the touching progressed and he began to put his fingers inside her vagina. N.T. 5/11/17, at 35. She knew it was May 2015 because she was hospitalized at the end of May because she was suicidal. *Id.* at 35-36. She stated that a week after she returned from the hospital, the abuse started again. *Id.* at 36. When asked how often the abuse occurred she said "[s]ome weeks it would be every night, other weeks it'd be one or two nights a week. It varied on the week." *Id.* at 39. She was unable to provide an estimate of the number of times E.R. inappropriately touched her, but agreed that it was more than 20 times when she was 12 and more than 20 times when she was 13. *Id.* at 40-41. She further agreed it happened more than 100 times. *Id.* at 43. The abuse stopped when she disclosed the acts to her mother in August 2016. *Id.*

K.R.'s mother testified and confirmed various aspects of K.R.'s testimony. Trooper John Strelish also testified regarding his interview of E.R. Further, Ann Cook, a certified social worker who specializes in sexual trauma of children, testified as to children's reactions to abuse, including why there often is a delay in disclosing the abuse.

The trial court issued the following reasonable doubt instruction to the jury:

> It is not the defendant's burden to prove that he is not guilty. Instead, it is the Commonwealth that always has the burden of proving each and every element of the crime charged and that the defendant is guilty of that crime beyond a reasonable doubt. The person accused of a crime

is not required to present evidence or prove anything in his or her own defense. If the Commonwealth's evidence fails to meet its burden, then your verdict must be not guilty. On the other hand, if the Commonwealth's evidence does prove beyond a reasonable doubt that the defendant is guilty, then your verdict should be guilty.

Although the Commonwealth has the burden of proving that the defendant is guilty, this does not mean that the Commonwealth must prove its case beyond all doubt and to a mathematical certainty, nor must it demonstrate the complete impossibility of innocence. A reasonable doubt is a doubt that would cause a reasonably careful, sensible person to pause, hesitate and restrain[] himself or herself before acting upon a matter of importance in his or her own affairs.

A doubt to be reasonable must be one which fairly strikes a conscientious mind and clouds the judgment. It is not such a doubt as one might dig up, conjure up or summon up out of nowhere for the purpose[] . . . of escaping or avoiding the consequences of an unpleasant or unwanted verdict; but it is a doubt which is reasonable and honest, a real doubt arising out of the evidence that was presented with respect to some element of the crime.

Further, a reasonable doubt is something different and much more, much more serious than a possible doubt. During the course of acquisition of worldly knowledge in our day-to-day living, all of us can safely and logically conclude that a possible doubt exists in all things, and that it is almost impossible to possess any human knowledge or come to any conclusion to a certainty beyond a possible doubt. Therefore, the Commonwealth is not required to prove its case beyond all doubt.

So, to summarize, you may not find the defendant guilty based on a mere suspicion of guilt. The Commonwealth has the burden of proving the defendant guilty beyond a reasonable doubt. If it meets that burden, then the defendant is no longer presumed innocent and you should find him guilty. On the other hand, if the Commonwealth does not meet its burden, then you must find him not guilty.

N.T., 5/11/17, at 202-203.

- 3 -

A jury convicted E.R. of involuntary deviate sexual intercourse ("IDSI") with a child; two counts of IDSI of a complainant less than 16 years of age; and one count each of aggravated indecent assault of a complainant less than 13 years of age, aggravated indecent assault of a complainant less than 16 years of age, indecent assault of a complainant less than 13 years of age, and indecent assault of a complainant less than 16 years of age.[2]

On August 3, 2017, the trial court found E.R. to be an SVP. N.T., 8/3/17, at 21; Order, filed Aug. 23, 2017.[3] That same day, it sentenced E.R. to an aggregate sentence of 144 to 360 months' incarceration. E.R. filed a post-sentence motion, which the trial court denied. He then filed a timely Notice of Appeal.

E.R. raises the following issues on appeal:

> 1. Whether[] the jury verdict in this matter was against the sufficiency of the evidence because the Commonwealth failed to establish the date of the offense with any reasonable certainty?
>
> 2. Whether[] the lower court created a lower burden of proof required by the constitution when it gave an improper jury instruction regarding proof beyond a reasonable doubt[?]

E.R.'s Br. at 7.[4]

---

[2] 18 Pa.C.S.A. §§ 3123(b), 3123(a)(7), 3125(a)(7), 3125(a)(8), 3126(a)(7), and 3126(a)(8), respectively.

[3] The order finding E.R. to be an SVP was dated August 3, 2017, but docketed on August 27, 2017.

[4] Although E.R. preserved his claim that the verdict was against the weight of the evidence, and presented the argument to the trial court, he abandoned that claim in our Court.

E.R. first maintains the Commonwealth failed to present sufficient evidence to support the verdict because it failed to establish the date of the offenses. He alleges that, although K.R. maintained she was abused over the course of a number of years, she was unable to name a specific date for any of the abuse.

E.R. relies on **Commonwealth v. Devlin**, which held that due process requires the Commonwealth to fix the date of the commission of the offense with reasonable certainty. 333 A.2d 888, 890 (Pa. 1975). There, the Commonwealth charged the defendant with one count of sodomy of an intellectually disabled individual, where the assault could have occurred at any time during a fourteen-month period. **Id.** at 892. The Supreme Court concluded this broad time frame violated the defendant's due process rights because it substantially denied him an opportunity to present an alibi defense and to attack the victim's credibility. **Id.** at 891. The Court, however, noted that:

> [t]he pattern of due process is picked out in the facts and circumstances of each case. Due process is not reducible to a mathematical formula. Therefore, we cannot enunciate the exact degree of specificity in the proof of the date of a crime which will be required or the amount of latitude which will be acceptable. Certainly the Commonwealth need not always prove a single specific date of the crime. Any leeway permissible would vary with the nature of the crime and the age and condition of the victim, balanced against the rights of the accused.

**Id.** at 892 (citations and quotation marks omitted). Following **Devlin**, this Court has held that "the Commonwealth must be allowed a reasonable

measure of flexibility when faced with the special difficulties involved in ascertaining the date of an assault upon a young child." ***Commonwealth v. Groff***, 548 A.2d 1237, 1241 (Pa.Super. 1988); ***Commonwealth v. Luktisch***, 680 A.2d 877, 880 (Pa.Super. 1996). Further, the Commonwealth "must be afforded broad latitude when attempting to fix the date of offenses which involve a continuous course of criminal conduct." ***Groff***, 548 A.2d at 1242; ***Commonwealth v. Benner***, 147 A.3d 915, 921 (Pa.Super. 2016). We have held that "the due process concerns of ***Devlin*** are satisfied where the victim . . . can at least fix the times when an ongoing course of [abuse] commenced and when it ceased." ***Commonwealth v. G.D.M, Sr.***, 926 A.2d 984, 990 (Pa.Super. 2007); ***Benner***, 147 A.3d at 921.

Here, K.R., a child victim, alleged a continuous course of conduct, where E.R. abused her several times a week for over a year. She further pinpointed the start of the incidents of digital penetration to May 2015, the same month in which she was admitted to the hospital, and the end of the abuse to August 2016, when she told her mother. Here, the Commonwealth presented sufficient evidence to support the verdict. ***See G.D.M., Jr.***, 926 A.2d at 990 (finding sufficient evidence where victim testified abuse began contemporaneously with his start of kindergarten and ended when defendant was arrested).

E.R. next challenges the reasonable doubt jury instruction issued by the trial court. E.R. maintains that the court's instruction that a reasonable doubt is "much more serious" than possible doubt, coupled with the superfluous

language in the instruction, suggested a higher degree of doubt than reasonable doubt. E.R.'s Br. at 14.

The certified record does not contain an objection to the jury instruction at trial and, therefore, E.R. has waived the claim. ***Commonwealth v. Bullock***, 948 A.2d 818, 825 (Pa.Super. 2008) (finding claim waived where review of record failed to disclose objection and appellant did not direct court's attention to where in record objection was raised); Pa.R.A.P. 302(b) ("[a] general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of"). Further, even if he had not waived the claim, we would conclude it lacks merit.

Trial courts are vested "with broad discretion in crafting jury instructions, and such instructions will be upheld so long as they clearly and accurately present the law to the jury for its consideration." ***Commonwealth v. Simpson***, 66 A.3d 253, 274 (Pa. 2013) (citing ***Commonwealth v. Rainey***, 928 A.2d 215, 242–43 (Pa. 2007)). When reviewing a challenge to the jury instructions, "we consider the challenged instruction in its entirety, rather than isolated fragments." ***Id.***

The trial court did not abuse its discretion in defining reasonable doubt as "much more serious" than possible doubt. As E.R. acknowledges, the Pennsylvania Supreme Court has "consistently rejected challenges to a trial court's description of reasonable doubt as 'much more serious than a possible doubt.'" ***Commonwealth v. Cook***, 952 A.2d 594, 631 (Pa. 2008). The trial

court's use of the language was therefore not error. Further, E.R. fails to explain how the charge as a whole—the much more serious terminology coupled with the remainder of the charge, as set forth above—created a lower standard for the Commonwealth to meet to establish guilt. Read as a whole, the charge accurately described reasonable doubt.

We must now address an issue not raised by the parties—whether the trial court had the authority to find E.R. to be a SVP. Although E.R. did not challenge the trial court's finding that he was an SVP under 42 Pa.C.S.A. § 9799.24, a section of the Sexual Offender Registration and Notification Act ("SORNA"), we may raise the issue on our own motion. The issue presents a question as to the legality of E.R.'s sentence, which cannot be waived and which this Court may raise *sua sponte*. **Commonwealth v. Butler**, 173 A.3d 1212, 1215 (Pa.Super. 2017); **Commonwealth v. Wolfe**, 106 A.3d 800, 801 (Pa.Super. 2014).

Our Supreme Court held in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), that the registration requirements set forth under SORNA constitute criminal punishment as opposed to a mere civil penalty, and therefore their retroactive application violates the *Ex Post Facto* clause of the U.S. Constitution. **Commonwealth v. Muniz,** 164 A.3d 1189 (Pa. 2017) (OAJC), *cert. denied sub nom.* **Pennsylvania v. Muniz**, 138 S.Ct. 925 (U.S. Jan. 22, 2018).

In the wake of *Muniz*, we concluded in *Commonwealth v. Butler* that SORNA's SVP procedure is subject to the constitutional requirement that the factual findings be found by a fact-finder beyond a reasonable doubt. 173 A.3d at 1217-18;[5] *see also Commonwealth v. Tighe*, 184 A.3d 560, 583 (Pa.Super. 2018). The Court held that, because 42 Pa.C.S.A. § 9799.24(e)(3) permitted the trial court to determine whether a defendant is an SVP "by clear and convincing evidence," rather than beyond a reasonable doubt, SORNA's SVP procedure was unconstitutional. *Butler*, 173 A.3d at 1217-18. The Court in *Butler* concluded:

> As the sole statutory mechanism for SVP designation is constitutionally flawed, there is no longer a legitimate path forward for undertaking adjudications pursuant to section 9799.24. As such, trial courts may no longer designate convicted defendants as SVPs, nor may they hold SVP hearings, until our General Assembly enacts a constitutional designation mechanism. Instead, trial courts must notify a defendant that he or she is required to register for 15 years if he or she is convicted of a Tier I sexual offense, 25 years if he or she is convicted of a Tier II sexual offense, or life if he or she is convicted of a Tier III sexual offense.

_____

[5] The Pennsylvania Supreme Court granted a petition for allowance of appeal to address the following issue:

> Whether the Superior Court of Pennsylvania erred in vacating the trial court's Order finding [Respondent] to be [a Sexually Violent Predator ("SVP")] by extrapolating the decision in [*Commonwealth v. Muniz*, 640 Pa. 699, 164 A.3d 1189 (2017),] to declare SVP hearings and designations unconstitutional under 42 Pa.C.S. § 9799.24(e)(3).

Order, No. 47 WAL 2018 (Pa. filed July 31, 2018).

173 A.3d at 1218 (citation and footnote omitted).

In light of **Butler**, E.R.'s SVP designation constitutes an illegal sentence. Therefore, we vacate the finding that E.R. is an SVP, and, pursuant to **Butler**, remand to the trial court to issue a revised notice to E.R. pursuant to 42 Pa.C.S.A. § 9799.23 (governing reporting requirements of sex offenders). **See Butler**, 173 A.3d at 1218 (vacating SVP order and remanding for sole purpose of issuing appropriate notice).

Judgment of sentence affirmed. Order finding Appellant to be an SVP vacated. Remanded with instructions. Jurisdiction relinquished.


P.J.E. Stevens joins the Memorandum.

Judge Ott files a Concurring Statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/15/18