J-S37042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                             :           PENNSYLVANIA
                             :

               v.                  :

                             :

NAMIL BROWN                :
                             :

           Appellant     :    No. 681 EDA 2023

Appeal from the Judgment of Sentence Entered February 17, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0006792-2021

BEFORE:  BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:            **FILED NOVEMBER 27, 2023**

Namil Brown (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of incest and endangering the welfare of a child (EWOC).[1]  We affirm.

When the victim was around 16 years old, she reported to a therapist that Appellant had sexually assaulted her when she was between the ages of four and five (between 2008 and 2009).  N.T., 8/24/22, at 23.  At the time, Appellant lived in an apartment, and the victim relayed that she and her older siblings would stay overnight at the apartment.  *Id.* at 23-25.  According to the victim, she would sleep in the apartment's one bed, while her siblings slept elsewhere.  *Id.* at 25-26.

---

[1] *See* 18 Pa.C.S.A. §§ 4302(a), 4304(a)(1).

The victim stated that Appellant "would do sexual stuff" to her. *Id.* at 27. During these incidents, the victim would bend over the bed. *Id.* at 29. Appellant would remove the victim's clothing, put baby oil on his penis, and penetrate the victim's anus. *Id.* at 27-28. Based on this information, the Commonwealth charged Appellant with multiple sex-related crimes.

On June 3, 2022, the Commonwealth filed a motion *in limine* seeking to introduce other bad-acts evidence. *See* Pa.R.E. 404(b)(2).[2] The Commonwealth sought to present evidence of Appellant's unlawful sexual contact with another child (complainant), between 2015 and 2016, when the complainant was seven years old. Motion to Admit Other Acts Evidence, 6/3/22, at 2. The trial court granted the Commonwealth's motion.

On August 29, 2022, a jury convicted Appellant of incest and EWOC, but acquitted Appellant of the remaining charges of involuntary deviate sexual intercourse and corruption of minors.[3] On February 17, 2023, the trial court sentenced Appellant to four to eight years in prison, followed by five years of

---

[2] Pa.R.E. 404 provides that evidence of other crimes, wrongs, or acts

> may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b)(2).

[3] *See* 18 Pa.C.S.A. §§ 3123(b), 6301(a)(1)(ii).

probation. Appellant timely appealed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925. Appellant presents the following issue: "Did the trial court err in admitting evidence of [Appellant's] other bad acts?" Appellant's Brief at 6.

Appellant argues the trial court erred by admitting evidence of other bad acts. *Id.* at 9. He argues,

> [i]f the Commonwealth is allowed to enter these other acts into evidence, one is hard-pressed to determine the purpose of Rule 404(b)(1). The commonalities cited by the Commonwealth are gender, race, age, that occurred in his home, and that they include penetration. None of these commonalities deal with plan, scheme, or design, or knowledge or intent. These commonalities just go to show that Appellant is a pedophile who likes to have illegal sexual contact. Furthermore, such evidence of prior bad acts is highly prejudicial, and its prejudice certainly outweighs its value in proving common scheme, plan, design, knowledge, and intent.

*Id.* at 10.

> Pertinently, we recognize that the admissibility of evidence
>
> is a matter for the discretion of the trial court and a ruling thereon will be reversed on appeal only upon a showing that the trial court committed an abuse of discretion. Abuse of discretion is not found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous….

*Commonwealth v. Johnson*, 289 A.3d 959, 1009 (Pa. 2023) (citations and quotation marks omitted).

While "evidence of other crimes evidence committed by a defendant is generally not admissible to show his criminal propensity ... such evidence is relevant and admissible to establish the perpetrator's identity, or the existence

- 3 -

of a common scheme or plan." ***Commonwealth v. Gray***, 296 A.3d 41, 47

(Pa. Super. 2023).

> Generally, pursuant to Rule of Evidence 404, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" and where "the probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(2).
>
> Under the common plan or scheme exception, evidence of other crimes or bad acts may be admitted where "the evidence reveals criminal conduct which is distinctive and so nearly identical as to become the signature of the same perpetrator." ***Commonwealth v. Tyson***, 119 A.3d 353, 358-59 (Pa. Super. 2015) (*en banc*) (citation omitted). "Relevant to such a finding will be the habits or patterns of action or conduct undertaken by the perpetrator to commit crime, as well as the time, place, and types of victims typically chosen by the perpetrator." ***Id.*** at 359 (citation omitted). "Sufficient commonality of factors" between the incidents "dispels the notion that they are merely coincidental and permits the contrary conclusion that they are so logically connected they share a perpetrator." ***Commonwealth v. Weakley***, 972 A.2d 1182, 1189 (Pa. Super. 2009)....

***Commonwealth v. Kurtz***, 294 A.3d 509, 532 (Pa. Super. 2023). The trial

court must also consider balancing factors, including remoteness and potential

for prejudice. ***Commonwealth v. G.D.M.***, 926 A.2d 984, 987 (Pa. Super.

2007).

> This Court has explained,
>
> [t]he essential elements of the act of rape, as well as other sexual crimes, will necessarily produce any number of similar characteristics when two acts of rape are scrutinized for shared features, particularly where, as we have here seen, there is commonality of roles and situs attendant to the criminal episodes.

*Commonwealth v. Frank*, 577 A.2d 609, 614 (Pa. Super. 1990). Our Courts have also looked at factors such as race, age, and sex of the victims; the time of day of the crime; the proximity to the defendant's home and the crime scenes; and the manner and location to which the victim was taken. *Id.* at 614-16.

Instantly, the Commonwealth explained that a forensic interview of the seven-year-old complainant revealed:

> [W]hile sleeping in [Appellant's] bedroom, [Appellant] put [complainant] on top of him and put his "balls" in the complainant's panties and it felt hard and "pee" went into the complainant's private part. [Appellant] made complainant put [complainant's] hands on his "balls" and squeeze." [Appellant] rubbed on the skin on the outside of complainant's private part with his hand. [Appellant] told complainant not to tell [complainant's] mom or grandmother….

*Id.* at 2. Appellant pled guilty to attempted rape and unlawful contact of complainant at trial court docket CP-51-CR-5484-2017.[4] *Id.* at 3.

The Commonwealth averred that evidence regarding Appellant's assault of complainant was relevant to demonstrate Appellant's common plan, scheme, or design regarding the victim:

> [T]he following shared characteristics and striking similarities establish a nexus and relate these alleged crimes as part of a common plan, scheme, and design:
>
> 1. Both victims are females

_____

[4] The trial court sentenced Appellant to 2-4 years in prison, followed by 10 years of reporting probation. *Id.*

- 5 -

2. Both victims are African-American

3. Both victims were pre-pubescent at the time of the allegations

4. Both crimes happened where the defendant resided at the time

5. Both crimes are of a similar nature (anal penetration and attempted penetration)

These similarities, enumerated in part above, between the incidents reported by each complainant, evidence a common pattern of conduct and common relationship among offenses.

*Id.* at 6-7. The Commonwealth further asserted that evidence of the prior acts was admissible to prove Appellant's "intent, knowledge, motive, and state of mind when he engaged in sexual contact with the [victim]." *Id.* at 7. According to the Commonwealth, the evidence was necessary to prove Appellant's knowledge and disregard of the children's ages. *Id.* The Commonwealth also sought admission of the prior bad acts to rebut any false inferences/defenses by Appellant. *Id.*

Upon review, we conclude "[s]ufficient commonality of factors between the incidents dispels the notion that they are merely coincidental and permits the contrary conclusion that they are so logically connected they share a perpetrator." *Kurtz*, 294 A.3d at 532 (citation and quotation marks omitted). The complainant and the victim were Appellant's young children. The incidents involving both children occurred while each stayed overnight in Appellant's care, and both were assaulted in Appellant's bed. *See* N.T.,

8/24/22, 23-30 (victim describing sexual assault in Appellant's bed); N.T., 8/25/22, 9-16 (complainant describing sexually assault in Appellant's bed).

We further conclude the probative value of the other bad acts evidence outweighed any prejudice. **See** Pa.R.E. 404(b)(2) cmt. ("When weighing the potential for prejudice of other crimes, wrongs or acts, the trial court may consider whether and how much such potential for prejudice can be reduced by cautionary instructions.").

Here, the trial court instructed the jury:

> You have heard evidence tending to prove [Appellant] was involved in improper conduct for which he is not on trial. I am speaking of the testimony from [complainant] to the effect that [Appellant] sexually molested [complainant] when [complainant] was six years old.
>
> This evidence is before you for a limited purpose. That is for the purpose of tending to show common plan, scheme[,] or design. This evidence must not be considered by you in any way other than for the purpose that I just stated.
>
> You must not regard this evidence as showing that [Appellant] is a person of bad character or criminal tendencies from which you might be inclined to infer guilt.

N.T,. 8/26/22, at 59. Jurors are presumed to follow the trial court's instructions. **Commonwealth v. Hairston**, 84 A.3d 657, 666 (Pa. 2014).

Consistent with the foregoing, we discern no abuse of discretion by the trial court in admitting the other bad acts evidence under Pa.R.E. 404(b)(2). Appellant's issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/27/2023