J-S03043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL E. EWING | : | |
| | : | |
| Appellant | : | No. 60 WDA 2024 |

Appeal from the Judgment of Sentence Entered June 27, 2023
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0000550-2022

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

CONCURRING/DISSENTING MEMORANDUM BY SULLIVAN, J.:

**FILED: JULY 11, 2025**

Although I agree with most of the majority's decision, I believe the evidence was sufficient to sustain the nine convictions for indecent assault — complainant less then thirteen years of age,[1] which the majority vacates. Therefore, I respectfully dissent from that portion of the majority's decision.

In pertinent part, the Crime Code defines indecent assault as "indecent contact with the complainant . . . for the purpose of arousing sexual desire in the person or the complainant and the complainant . . . is less than 13 years of age[.]" 18 Pa.C.S.A. § 3126(a)(7). The majority acknowledges the evidence was sufficient to show indecent contact for the purpose of arousing sexual desire but maintains the Commonwealth did not prove beyond a

---

[1] 18 Pa.C.S.A. § 3126(a)(7).

reasonable doubt that nine of the ten counts of indecent assault occurred before the victim was thirteen years old. *See* Majority Opinion, at 1-2, 15-16. Both our Supreme Court and this Court have acknowledged the inherent difficulties in proving the exact dates when children were subjected to course-of-conduct sexual abuse, particularly where, as here, the abuse occurred many years before trial. *See Commonwealth v. Devlin*, 333 A.2d 888, 892 (Pa. 1975); *Commonwealth v. Groff*, 548 A.2d 1237, 1241-42 (Pa. Super. 1988); *Commonwealth v. G.D.M., Sr.*, 926 A.2d 984, 989-90 (Pa. Super. 2007). In *Groff*, a case which involved a single incident of molestation of a young child during the summer months, this Court distilled the holding in *Devlin*, finding the Commonwealth fixed the date of the offense with sufficient particularity (although we reversed the conviction on unrelated grounds), explaining:

> We note that the Commonwealth would clearly prevail if appellant had been convicted of **repeatedly abusing the victim during the summer of 1985**. Case law has established that the Commonwealth **must be afforded broad latitude when attempting to fix the date of offenses which involve a continuous course of criminal conduct.**

*Groff*, 548 A.2d at 1242 (emphases added, citations omitted). In *G.D.M.*, the accused molested a child over a seven-month period when the child was in kindergarten, and the trial took place approximately ten years later. *See G.D.M.*, 926 A.2d at 985. In *G.D.M,* we further refined the contours of what the Commonwealth was required to prove to satisfy the accused's constitutional rights and sufficiency concerns, holding:

A six-year-old child cannot be expected to remember each and every date upon which he was victimized, especially where those events are numerous and occur over an extended period of time. ***Unlike adults, the lives of children, especially pre-school children or those who have only started school, do not revolve around the calendar***, except to the extent that they may be aware of their birthday or Christmas, or the day a favorite television show airs. ***To require young children to provide such detail would be to give child predators free rein***. Instantly, we find that the dates of the incidents were proven with sufficient specificity to satisfy due process.

***Id***. at 990 (emphases added).

Here, testifying approximately thirteen years after the abuse began, M.M. explained Ewing began abusing him at age eleven and the abuse ended after he turned fifteen. ***See*** N.T., 1/9/23, at 109, 119. Ewing was an older cousin, whom the victim considered an "uncle" because of the age difference between them. ***See id***. at 111. Starting at age eleven, M.M. began to spend significant amounts of time alone with Ewing, working with him at Ewing's D.J. business and hanging out with him. ***See id***. at 112-14. During those years M.M. would spend nights at Ewing's home and Ewing would spend nights in M.M.'s home; even though Ewing was married, he would often sleep in the same room and/or the same bed as M.M. ***See id***. at 114-17. M.M. described a continuing, and escalating course of conduct that began with Ewing groping his penis over his clothing at least fifteen times, progressing to Ewing touching his penis underneath his clothing, then skin to skin contact between the two over twenty-five times, mutual oral sex more than thirty times, and a single attempt at anal penetration. ***See id***. at 118-28. M.M. specifically stated that

he was eleven the first time Ewing groped him over the clothing and that some of the episodes of Ewing groping him under his clothing and of oral sex happened when he was under age 13. *See id*. at 118, 124-26. M.M. was afraid to tell his parents about the abuse, but it ended when he was fifteen years old. *See id*. at 118-28.

I believe that, viewing the evidence in the light most favorable to the Commonwealth, as we must, it was reasonable for the jury to infer, given the number of incidents M.M. testified to starting at age eleven and that he specifically testified about a continuous, and escalating series of separate episodes of molestation over his clothing, under his clothing, and oral sex before he turned thirteen, at the very least ten acts of indecent assault occurred when the victim was under thirteen. To hold otherwise would be to reach the untenable conclusion Ewing groped M.M. once at age eleven, immediately and entirely ceased his abuse for more than two years, then regularly began re-assaulting the boy as soon as he turned thirteen. Such an inference simply is not supported by M.M.'s testimony. *See* N.T., 1/9/23, at 118, 124-26. Moreover, the majority's vacation of the nine convictions at issue would produce the consequence about which *G.D.M.* warned, giving a child predator free rein because a twenty-four-year-old man could not remember specific dates of a continuous cycle of abuse that began when he was eleven and lasted for four years . *See G.D.M.*, *supra*. Further, while there is little precedential authority, this Court has found in numerous

unpublished memoranda[2] that the evidence was sufficient to uphold convictions for indecent assault of a child — under age thirteen where the victim was unable to give a precise timeline for the abuse and/or gave equivocal or contradictory testimony about his or her age at the time of the abuse. In those cases, this Court held it was within the province of the jury to credit all, some, or none of the victim's testimony and to reasonably infer when the abuse occurred. *See e.g.*, ***Commonwealth v. Smith***, 309 A.3d 1063 (Pa. Super. 2023) (unpublished memorandum at *4) (finding evidence sufficient to sustain a conviction for indecent assault of a child — under age thirteen where the victim equivocated about whether the abuse occurred before or after age thirteen and the trial court, sitting as the fact finder inferred from circumstantial evidence that it occurred before age thirteen); ***Commonwealth v. Zernell***, 296 A.3d 589 (Pa. Super. 2023) (unpublished memorandum at *5-*6) (upholding conviction for numerous sex offenses included indecent assault of a child — under age thirteen based on the victim's testimony that the abuse started when she was very young and continued for years because jury was free to resolve the inconsistencies in her testimony and credit all, some or none of it).

---

[2] ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decision of Superior Court filed after May 1, 2019, may be cited for persuasive value).

Accordingly, because I believe the evidence was sufficient to sustain the nine counts of indecent assault which the majority vacates, I dissent from that portion of the memorandum.