J-S65012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD JAMES MOORE, II | : | |
| | : | |
| Appellant | : | No. 88 MDA 2018 |

Appeal from the Judgment of Sentence December 12, 2017
In the Court of Common Pleas of Juniata County Criminal Division at
No(s):  CP-34-CR-0000030-2017

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED DECEMBER 24, 2018**

Appellant, Ronald James Moore, II, appeals from the judgment of sentence entered on December 12, 2017, following a jury trial.  We affirm.

The trial court summarized the procedural history as follows:

Appellant was tried and found guilty on the charge of one count of Indecent Assault on a Person Less than 13 Years of Age, one count of Corruption of Minors, one count of Unlawful Contact with a Minor, one count of Indecent Assault without the Consent of the other and one count of Indecent Assault on a Person Less [than] 16 Years of Age.[1]  This [c]ourt, having heard the evidence presented at trial and [finding] no issue with the jury's verdict, accepted the jury's finding and imposed a sentence totaling 78 to 156 months incarceration.  Appellant filed an appeal with the Superior Court and by Order dated January 12, 2018, the [c]ourt directed that he file[] a Concise Statement of Matters Complained of on Appeal.

_____

[1]   18 Pa.C.S. §§ 3126(a)(7), 6301(a)(1), 6318(a)(1), 3126(a)(1), and 3126(a)(8), respectively.

Trial Court Opinion, 3/28/18, at 1. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[2]

Appellant raises the following single issue on appeal: "Whether the evidence was sufficient to support convictions on all of the charges beyond a reasonable doubt?" Appellant's Brief at 4.

In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. **Commonwealth v. Diamond**, 83 A.3d 119 (Pa. 2013). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." **Commonwealth v. Colon-Plaza**, 136 A.3d 521, 525–526 (Pa. Super. 2016) (quoting **Commonwealth v. Robertson-Dewar**, 829 A.2d 1207, 1211 (Pa. Super. 2003)). It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. **Commonwealth v. Tejada**, 107 A.3d 788, 792–793 (Pa. Super. 2015). The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. **Commonwealth v. Crosley**, 180 A.3d 761, 767

---

[2] While Appellant raised five issues in his Pa.R.A.P. 1925(b) statement, on appeal he has abandoned all issues except his challenge to the sufficiency of the evidence. Pa.R.A.P. 1925(b) statement.

(Pa. Super. 2018). Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. ***Commonwealth v. Rogal***, 120 A.3d 994 (Pa. Super. 2015).

In his sufficiency argument, Appellant first asserts that K.M. ("the victim") did not provide specific dates on which the sexual abuse occurred. Appellant's Brief at 9–10. This claim has no merit. The victim, age sixteen at the time of trial, testified at length concerning the abuse she suffered at the hands of Appellant, an adult family member. When she was seven years old, the victim played with her younger brother, E.M., in his bedroom. N.T., 9/26/17, at 28, 41. Appellant would enter and ask if he could play. *Id.* at 29. Initially, all three would be clothed but they would "end up" nude. *Id.* at 33 ("Like one minute clothes on, next not."). Appellant touched the victim on her chest and vagina with his hands, made the victim touch his penis, directed the victim to touch E.M.'s penis, and instructed E.M. to touch the victim with his mouth and hands. N.T., 9/26/17, at 28, 33–35, 38–39, 42–45, 50, 74–76. If E.M., who was two to six years old at the time, did not touch the victim as instructed or in the manner instructed, Appellant hit E.M. *Id.* at 47–48. The abuse occurred more than ten times when the victim's mother was at work or at school, and it continued until the victim and her siblings moved to Florida with their mother when the victim was in fourth grade. *Id.* at 30, 39, 41, 49. The victim testified that Appellant threatened to kill himself, the

victim, her mother, and burn down the house with everyone in it if she told anyone about the abuse. *Id.* at 35.

Appellant argues that the victim's inability to provide "specificity about the year" placed an unfair burden against which Appellant had to defend; he cites *Commonwealth v. Devlin*, 333 A.2d 888 (Pa. 1975), in support. Appellant's Brief at 10. Appellant fails to acknowledge, however, the subsequent refinement of the *Devlin* holding. *Commonwealth v. G.D.M., Sr.*, 926 A.2d 984, 990 (Pa. Super. 2007) (*Devlin* has been refined in subsequent case law); *see also Commonwealth v. Groff*, 548 A.2d 1237, 1242 (Pa. Super. 1988) ("Case law has established that the Commonwealth must be afforded broad latitude when attempting to fix the date of offenses which involve a continuous course of criminal conduct."). We stated in *G.D.M.* that the due process concerns of *Devlin* are satisfied where the victim can "at least fix the times when an ongoing course of molestation commenced and when it ceased." *G.D.M.*, 926 A.2d at 990. Indeed, recent jurisprudence affords greater latitude to the Commonwealth in cases involving claims of abuse of minors occurring over a period of time. *Commonwealth v. Benner*, 147 A.3d 915 (Pa. Super. 2016).

In the instant case, the victim testified the abuse began when she was in first grade, when Appellant was off of work due to hip-replacement surgery, and ceased when she was in fourth grade and moved to Florida. N.T., 9/26/17, at 29–30, 41. As we noted in *G.D.M.*:

> A six-year-old child cannot be expected to remember each and every date upon which he was victimized, especially where those events are numerous and occur over an extended period of time. Unlike adults, the lives of children, especially pre-school children or those who have only started school, do not revolve around the calendar, except to the extent that they may be aware of their birthday or Christmas, or the day a favorite television show airs. To require young children to provide such detail would be to give child predators free rein. Instantly, we find that the dates of the incidents were proven with sufficient specificity to satisfy due process.

**G.D.M.**, 926 A.2d at 990. As in **G.D.M.**, the victim's testimony herein was sufficient to establish the time frame during which the assaults occurred.[3]

Appellant also contends that the victim's testimony contained notable inconsistencies between her "initial interview statement, her testimony at the preliminary hearing, and her trial testimony . . . ." Appellant's Brief at 11. This claim is waived because Appellant does not identify the alleged inconsistencies. **Id.**; **accord Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) ("[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities.") (quoting **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa.

---

[3] As noted by the Commonwealth, although the victim revealed that there were more than ten instances of abuse, N.T., 9/26/17, at 49, because she could not provide specific dates, "the Commonwealth only charged one (1) count of each offense." Commonwealth Brief at 2.

Super. 2007) (internal citations omitted)).[4]   Appellant's lack of specificity impedes our review of this claim.[5]

Lastly, Appellant avers that the Commonwealth did not establish the elements of each offense beyond a reasonable doubt.  Appellant's Brief at 11. This claim, as well, is waived.  In **Commonwealth v. Williams**, 959 A.2d 1252 (Pa. Super. 2008), this Court stated, "If Appellant wants to preserve a

---

[4] Our review of the record reveals that defense counsel questioned the victim about her testimony at the preliminary hearing compared to her testimony at trial.  N.T., 9/26/17, at 47–47.  The victim testified that during the preliminary hearing, she was embarrassed with her Mother and grandparents in the room, and that is why she asked her mother not to be present during the victim's testimony at trial.  **Id.** at 47, 81–82.

[5] To the extent this claim assails the weight of the evidence, we note that in his post-sentence motion, and within his claim regarding the sufficiency of the evidence, Appellant asserted that the verdict "was inconsistent with the weight of the evidence . . . ."  Post-Sentencing Motion to Modify Sentence and Motions for Judgment of Acquittal Arrest of Judgment and New Trial, 12/18/17, at ¶ 25.  If we addressed this claim on the merits, we would rely on the trial court's statement, as follows:

> Here, the jury heard from several witnesses, including the victim K.M., who spoke extensively about the sexual abuse that she endured.  Upon the conclusion of trial, all twelve jurors found that the testimony and evidence were credible and found Appellant guilty on all charges.  Because the Pennsylvania Superior Court has limited ability to weigh[] the evidence presented at trial and because this [c]ourt was and is in agreement with the verdict and believes the verdict could not possibly shock one's sense of justice, Appellant's conviction should be upheld.

Trial Court Opinion, 3/28/18, at unnumbered 5–6.   Further, in the opinion denying post-sentence motions, the trial court noted that Appellant testified at trial, as did the victim, and the jury "chose to believe the victim as opposed to" Appellant.  Memorandum, 12/29/17, at unnumbered 1.

claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal." *Id.* at 1257. Moreover, "[i]t is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim." ***Commonwealth v. Samuel***, 102 A.3d 1001, 1005 (Pa. Super. 2014). Here, requisite specificity is lacking in Appellant's claim of error and, therefore, it is unreviewable. Accordingly, we affirm the trial court's determination that the evidence was sufficient to sustain the convictions.

Judgment of sentence affirmed.

Judge Stabile joins the Memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2018