J-S44029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TONY CRUZ | : | |
| | : | |
| Appellant | : | No. 733 MDA 2022 |

Appeal from the PCRA Order Entered April 20, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0001341-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TONY CRUZ | : | |
| | : | |
| Appellant | : | No. 734 MDA 2022 |

Appeal from the PCRA Order Entered April 20, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002370-2019

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:       **FILED: AUGUST 15, 2023**

Tony Cruz appeals from the order dismissing his petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. This case returns to us following our denial of counsel's initial petition to withdraw. We directed counsel to file either a compliant

_____

[*] Retired Senior Judge assigned to the Superior Court.

***Turner/Finley***[1] brief and petition to withdraw, or an advocate's brief. Counsel has filed a petition to withdraw as counsel, along with a brief asserting that the PCRA court properly denied relief.[2] We affirm the order dismissing Cruz's PCRA petition and grant counsel's petition to withdraw.

The relevant facts of this case were aptly stated at length by the PCRA court. ***See*** PCRA Court's Rule 907 Notice ("PCRA Ct. Op."), filed March 22, 2022, at 1-20. We therefore need not reiterate them in detail. In summary, Cruz was convicted in 2019 by a jury of rape of a child, incest of a minor, indecent assault – person less than 13 years of age, unlawful contact with a minor, corruption of minors, indecent exposure, and involuntary deviate sexual intercourse.[3] These convictions stemmed from Cruz's sexual abuse of his two daughters and two nieces from approximately 1984 to 1995 and from 2000 to 2004. All four victims, now adults, testified at trial that Cruz sexually abused them when they were between the ages of four and 13 years old.

Cruz was sentenced to an aggregate term of 26 to 68 years' incarceration. Cruz appealed and we vacated the portion of his sentence that prohibited him from contacting the victims and their families to the extent that the no-contact provision was imposed as a condition of Cruz's future parole.

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] ***See*** note 4, below.

[3] ***See*** 18 Pa.C.S.A. §§ 3121(c), 4302(b), 3126(a)(7), 6318(a)(1), 6301(a)(1), 3127(a), and 3123(a)(1), respectively.

*See Commonwealth v. Cruz*, 240 A.3d 909, 2020 WL 5362178, *2 (Pa.Super. 2020) (unpublished mem.). We affirmed the remainder of Cruz's sentence. *Id.*

In October 2021, Cruz filed a timely counseled PCRA petition raising claims of ineffectiveness of trial and appellate counsel. In March 2022, the court issued a Rule 907 notice of intent to dismiss the petition without a hearing. *See* Pa.R.Crim.P 907(1). The PCRA court subsequently dismissed Cruz's petition on April 20, 2022. This appeal followed.

Cruz raises the following issues:

1. Did the PCRA court err by denying without hearing [Cruz's] claim that his trial counsel and appellate counsel were ineffective for failing to claim that the evidence was insufficient to support the convictions?

2. Did the PCRA court err by denying without hearing [Cruz's] claim that trial counsel was ineffective for failing to present the claim that the convictions were against the weight of the evidence, and, in turn, that appellate counsel was ineffective for failing to claim trial counsel was ineffective for failing to present the claim to the trial court?

3. Did the PCRA court err by denying without hearing [Cruz's] claim that appellate counsel was ineffective for failing to claim on direct appeal that the trial court erred by failing to exclude admission of propensity evidence?

4. Did the PCRA court err by denying without hearing [Cruz's] claim that trial counsel was ineffective for failing to present testimony from character witnesses and fact witnesses at trial, and, in turn, appell[ate] counsel was ineffective for failing to claim trial counsel was ineffective for failing to present said evidence at trial?

Cruz's Br. at 4.

Before addressing the merits, we first must determine whether counsel has satisfied the procedural requirements of a petition to withdraw.[4] A *Turner/Finley* brief must detail the nature and extent of counsel's review, list each issue the petitioner wishes to have reviewed, and provide an explanation of why the petitioner's issues are meritless. *Widgins*, 29 A.3d at 818. Counsel also must contemporaneously send to the petitioner a copy of the "no-merit" letter/brief, a copy of counsel's petition to withdraw, and a statement advising the petitioner of the right to proceed *pro se* or with new counsel. *Id.* If counsel satisfies the technical requirements, this Court must conduct its own review of the merits of the case. *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007). If we agree with counsel that the claims are without merit, we will allow counsel to withdraw and deny relief. *Id.*

Here, counsel has substantially complied with the requirements of *Turner/Finley*. Counsel detailed his review of the record and concluded that Cruz's claims are meritless. He also attached a letter to his petition to withdraw addressed to Cruz advising him of his right to retain new counsel or proceed *pro se*. Counsel additionally provided Cruz with a copy of the

---

[4] Counsel's brief is styled as an "*Anders* Brief." *See Anders v. California*, 386 U.S. 738 (1967). The correct filing in this case would be a *Turner/Finley* no-merit "letter," as counsel wishes to withdraw in a PCRA appeal. *See Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa.Super. 2011). However, "[b]ecause an *Anders* brief provides greater protection to a defendant," we will not reject the brief for this error, but instead review it under the *Turner/Finley* standard. *See id.*

*Turner/Finley* brief and petition to withdraw. Thus, we proceed to the issues counsel has identified.

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

Cruz raises several ineffectiveness claims. "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on [the] appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010). To obtain relief based on a claim of ineffectiveness, a petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). Prejudice in this context means that, "absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." *Commonwealth v. Velazquez*, 216 A.3d 1146, 1149 (Pa.Super. 2019) (citation omitted). A failure to meet any of these prongs bars a petitioner from obtaining relief. *Commonwealth v. Sneed*, 45 A.3d 1096, 1106 (Pa. 2012). Further, "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006).

We address Cruz's first two issues together. Cruz first argues that trial counsel was ineffective for failing to claim that the evidence was insufficient

to support his convictions. He argues that while trial counsel filed a post-sentence motion challenging the sufficiency of the evidence, the motion was "boilerplate" and "lacked sufficient specificity to preserve claims of insufficient evidence." Cruz's Br. at 10. Cruz further argues that appellate counsel was ineffective for failing to claim on direct appeal that trial counsel was ineffective for having waived this issue. *Id.* Cruz also argues that trial counsel was ineffective for failing to specify why the verdict was against the weight of the evidence in his post-sentence motion, and, in turn, appellate counsel was ineffective for failing to claim trial counsel was ineffective for failing to adequately raise a weight of the evidence claim.

Cruz's underlying sufficiency and weight claims lack arguable merit for the reasons set forth in the PCRA's court's well-reasoned opinion. *See* PCRA Ct. Op. at 25-31. Thus, Cruz's ineffectiveness claims on these issues fail since counsel cannot be ineffective for failing to raise a meritless claim. *See Spotz,* 896 A.2d at 1210.

Cruz next alleges that appellate counsel was ineffective for failing to claim on direct appeal that the trial court erred by failing to exclude prior bad acts testimony from two witnesses, D.R. and J.M. Cruz's Br. at 15. Although D.R. and J.M. were not named victims in the case, both witnesses testified that they were sexually abused by Cruz when they were younger.[5] D.R.

---

[5] Detective Aaron Harnish of the Lancaster City Bureau of Police explained at trial that the Commonwealth was unable file charges against Cruz in D.R.'s and J.M.'s cases due to the expiration of the statute of limitations. N.T., 9/9/16, at 395-96.

testified that Cruz is her uncle and he sexually abused her when she was between the ages of five and seven. N.T., 9/9/16, at 348-360, 363. J.M. testified that Cruz is her stepmother's brother and he sexually assaulted her when she was nine years old while she was visiting her sisters in Lancaster. *Id.* at 368-370, N.T., 9/6/19, at 4-7. Cruz alleges that appellate counsel was ineffective for failing to claim that the testimony of these two witnesses should have been excluded.

Rule 404(b) of the Pennsylvania Rules of Evidence bars admission of evidence of prior bad acts to establish a person's character and to prove that the person acted on a particular occasion in conformity with that character. Pa.R.E. 404(b)(1). However, evidence of prior bad acts is permissible for some other, proper purpose, such as to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2). In criminal cases, "this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice." *Id.*

Here, the trial court found the evidence was admissible as evidence of a common plan, scheme, and design. To determine whether bad acts evidence is admissible as evidence of a common plan, the trial court should ascertain "the details and surrounding circumstances of each criminal incident to assure that the evidence reveals criminal conduct which is distinctive and so nearly identical as to become the signature of the same perpetrator." *Commonwealth v. G.D.M., Sr.*, 926 A.2d 984, 987 (Pa.Super. 2007)

(citation omitted). Some factors relevant to this inquiry include the types of victims chosen by the perpetrator, the time and place of committing the crimes, and the patterns of action or conduct by the perpetrator to commit the crime. *Id.* Further, any potential prejudicial impact of such evidence must be balanced against "the ability of the trial court to caution the jury concerning the proper use of such evidence by them in their deliberations." *Id.* (citation omitted).

Instantly, Cruz fails to specify how the trial court erred in determining that the probative value of D.R.'s and J.M.'s testimony outweighed its potential for unfair prejudice. The acts Cruz committed against the named victims were strikingly similar to those committed against D.R. and J.M. All the victims were females between the ages of four and 13 at the time of the sexual abuse, and Cruz had a familial relationship with the children and their parents that gave him access to the children. In addition, all the sexual assaults took place at Cruz's residence or a family residence and mostly involved the same signature method of Cruz carrying the children when they were asleep and then sexually assaulting them before they were fully awake. *See* N.T., 9/9/16, at 74, 229-30, 275-76, 277-78, 348-49, 369-70.

Further, immediately before D.R. and J.M. testified, the trial court gave the jury a cautionary instruction stating:

> At this time the Commonwealth will be offering testimony from two additional witnesses by the names of [D.R. and J.M.]. They will be testifying about incidents which allegedly involved the defendant and those two individuals for which the defendant has not been charged.

- 8 -

The defendant is not on trial for any incident which may have occurred involving [D.R. and J.M.]. Therefore, this evidence must not be considered by you in any way other than for the purpose that I am now stating.

This evidence is before you for a limited purpose, and that is to explain the chain or sequence of events which formed the history of this case and was part of its natural development leading up to the events for which the defendant has now been charged and for which he is now standing trial.

It is also being offered to show a common plan, scheme, or design between the prior uncharged acts and those for which the defendant now stands trial or for consideration as proof of opportunity, motive, intent, or absence of mistake on the part of the defendant for the incidents for which he has now been charged.

You must not regard this evidence as showing that the defendant is a person of bad character; that the defendant has criminal tendencies from which you might be inclined to infer guilt on the crimes for which he has now been charged; or that the defendant's actions as alleged in the present case were in conformity with the incidents for which the defendant is not now on trial.

*Id.* at 343-44. The court repeated this instruction during its closing instructions to the jury. *Id.* at 538.

Based on the foregoing, we cannot say that the forgone argument – that the testimony was inadmissible – had arguable merit. Thus, this ineffectiveness claim fails, as counsel cannot be ineffective for failing to raise a meritless claim. *See Spotz*, 896 A.2d at 1210.

Cruz's final claim is that trial counsel was ineffective for failing to call character witnesses, and, in turn, appellate counsel was ineffective for failing to allege that trial counsel was ineffective for failing to call these witnesses. Cruz alleges that numerous character witnesses, namely Donna Cruz, Rosie Figueroa, Tammy Riker, Roger Beukema, Gus Cruz, Tracy Rockwell, and Aaron

Washington, were available to testify for the defense. **See** PCRA Petition at 19. He argues that he provided trial counsel with information regarding these character witnesses and the witnesses provided counsel with numerous letters in support of Cruz's character. **Id.** Cruz alleges that these witnesses would have testified about:

> Cruz's good character and reputation in the community, his faith in God and his character/reputation within the church community, his community service, his character as a law-abiding citizen, for being a truthful person, and for being a nonviolent person who conducts himself appropriately around children, especially his own . . . Additionally, the testimony of Donna Cruz, Rosie Figueroa and Gus Cruz . . . would have been able to testify as to the Cruz family dynamics and how the alleged victims in this matter had a motive to fabricate and/or lie about the allegations brought forth against Cruz.

Cruz's Br. at 20 (quoting PCRA Petition at 20) (alterations in original).

"Evidence of good character offered by a defendant in a criminal prosecution must be limited to his general reputation for the particular trait or traits of character involved in the commission of the crime charged." **Commonwealth v. Radecki**, 180 A.3d 441, 453 (Pa.Super. 2018) (citation omitted). "Such evidence must relate to a period at or about the time the offense was committed . . . and must be established by testimony of witnesses as to the community opinion of the individual in question, not through specific acts or mere rumor." **Id.** at 453-54 (citation omitted) (alteration in original).

The failure to call a witness does not constitute *per se* ineffectiveness as the decision generally involves a matter of trial strategy. **See Commonwealth v. Sneed**, 45 A.3d 1096, 1109 (Pa. 2012). "[C]ounsel will

- 10 -

not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense."

*Id.*

To succeed on such a claim, a petitioner must establish the following:

(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Goodmond***, 190 A.3d 1197, 1202 (Pa.Super. 2018) (citation omitted). Where a petitioner requests an evidentiary hearing, as Cruz did in the instant case, "the petition shall include a certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony." 42 Pa.C.S.A. § 9545(d)(1)(i).

In denying Cruz relief on this claim, the PCRA court opined:

The first portion of the proposed testimony, [Cruz's] "good character and reputation in the community," is vague and not sufficiently specific. [Cruz] fails to inform the court, with specificity, what character trait testimony would have been provided. The court will not grant PCRA relief or conduct a hearing based on vague claims. ***Commonwealth v. Durst***, 559 A.2d 504, 505 (Pa. 1999).

Next, testimony regarding [Cruz's] "faith in God" would not be relevant as character testimony because character evidence is permitted only as to an individual's reputation for a relevant character trait. Pa.R.[E.] 405(a). Furthermore, "[e]vidence of a witness's religious beliefs or opinions is not admissible to attack or support the witness's credibility." Pa.R.[E.] 610. Thus, this testimony would have been inadmissible at trial.

- 11 -

Testimony regarding [Cruz's] specific acts of "community service" would not have been permitted at trial to support [Cruz's] character because "[s]pecific instances of conduct are not admissible to prove character or a trait of character[.]" Pa.R.[E.] 405(b). Nor would testimony regarding [Cruz's] reputation "for being a truthful person" have been admissible in this case because the Commonwealth did not attack [Cruz's] reputation for truthfulness and veracity. **Commonwealth v. Fisher**, 764 A.2d 82, 86-87 (Pa.Super. 2000).

[Cruz's] reputation for law-abiding character would have been admissible, as would testimony regarding his reputation for chaste behavior around children. However, an in-depth examination of the letters presented by [Cruz] from his character witness[es] reveals that none of the proposed character witness testimony would have been admissible in regard to reputation for those character traits.

PCRA Court's Rule 907 Notice at 41.

Upon review of the record, we agree with the PCRA court's analysis. The first letter, dated September 1, 2019, is from Roger Beukema. Beukema fails to state that he is familiar with Cruz's reputation in the community, nor does he claim he was willing to testify for Cruz. Further, Beukema states that he has only known Cruz since 2009. Therefore, he could not have known Cruz's character at the time that the crimes occurred between 1984 and 2004. **See Radecki**, 180 A.3d at 453 (stating character evidence must be related to a period at or about the time the offense was committed). Also, Cruz fails to provide a home address or date of birth for Beukema, thereby failing to certify Beukema as a witness. **See** 42 Pa.C.S.A. § 9545(d)(1)(i).

The second and third letters are from Donna Cruz, Cruz's wife. Neither of the letters state that Donna Cruz was willing to testify for Cruz. Rather, the letters list Cruz's specific charitable acts, which would not be admissible to

show character. *See* Pa.R.E. 405(b) (stating, with exceptions inapplicable here, "[s]pecific instances of conduct are not admissible to prove character or a trait of character"). Donna Cruz's letter also fails to state that she is familiar with Cruz's reputation for any charter trait.

The fourth letter is undated and is from the "Deacon and Deaconess Ministry" of Mt. Moriah Missionary Baptist Church. It was signed by 20 individuals, but no typed names of the individuals were provided. The letter fails to provide any dates of birth or addresses for the individuals and does not claim that any of the individuals were willing to testify for Cruz. Moreover, the letter states that the individuals met Cruz in 2007, which was well after the crimes in this case. Thus, these individuals did not know Cruz's character reputation at the time of the crimes.

The fifth letter, dated August 29, 2019, is from Aaron Washington. Washington states that he has known Cruz since 2010, which, again, is outside of the period in which the crimes occurred. Washington also fails to state that he was willing to testify on Cruz's behalf. Washington's date of birth is also not provided.

The sixth letter is from Tracy Rockwell. The letter is undated and unsigned, and no date of birth or address for Rockwell is provided. Rockwell also does not state that she was willing to testify for Cruz or that she is familiar with Cruz's reputation in the community.

The seventh letter is an email, dated September 1, 2019, from Sandy Ingraham. Ingraham states that she has known Cruz for 10 years, or since

2009, which is after the crimes occurred. Further, Ingraham does not claim that she was willing to testify for Cruz. Moreover, Ingraham is not listed as a potential witness on the certification attached to Cruz's PCRA petition.

The final letter is an email, dated August 28, 2019, from Tammy Riker. Riker states that she has known Cruz since 2006, which was two years after the last charged offense. She also does not state she was willing to testify on Cruz's behalf. Riker's address is not included, and no date of birth is provided for her.

Cruz also claims that two more potential character witnesses existed, Rosie Figueroa and Gus Cruz. *See* PCRA Petition at 19. Rosie Figueroa and Gus Cruz did not submit any letters. Cruz states that these two witnesses would have testified as to the Cruz family dynamics and how the victims had a motive to lie about the allegations brought against Cruz. While Cruz generally claims that their testimony would have shown that the victims had disdain toward Cruz because he was not a present father, was a womanizer, and did not share his settlement proceeds with them that he received from a civil lawsuit, he fails to allege specific facts showing that the proposed testimony would have been relevant or admissible at trial.

In sum, Cruz has failed to meet the witness certification requirements under Section 9545(d)(1)(i). Moreover, Cruz has not shown through these letters that the testimony of these individuals would have been admissible at trial and therefore, counsel cannot be deemed ineffective for failing to call

these individuals as character witnesses. Cruz is not entitled to relief on this claim.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2023